**Alfred Macias SALAS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 74–2038.**

United States Court of Appeals, Ninth Circuit.

Dec. 23, 1975.

William A. Dougherty (argued), of Dougherty & Constantino, Tustin, Cal., for petitioner-appellant.

Dominick W. Rubalcava, Asst. U. S. Atty. (argued), Los Angeles, Cal., for respondent-appellee.

OPINION

Before CHAMBERS, DUNIWAY and WRIGHT, Circuit Judges.

PER CURIAM.

We reverse the order and judgment of the district court and direct that the appellant's guilty pleas on Counts 2 and 6 of the indictment be set aside.

Because we conclude that the trial judge did not comply with the requirements of Rule 11, Fed.R.Crim.P., we do not consider the other grounds upon which petitioner-appellant moved to vacate judgment under 28. U.S.C. § 2255.

Salas was charged with 12 counts of drug violations and went to trial before a jury. A jury was selected, opening statements were made and the court proceeded to hear motions pertaining to an alleged illegal wiretap. At the court's invitation, counsel proceeded to the

judge's chambers to discuss the possibility of a guilty plea.

Defense counsel in open court then indicated that Salas desired to plead guilty to Counts 2 and 6. Salas was questioned under oath and gave the proper answers to the questions asked of him. But he was not asked all that should have been asked.

Rule 11 provided, at the time of this proceeding, that the court address the defendant personally and "shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." Salas testified to no facts, his attorney stated none in his presence and the record was bare of the essential facts to support the charge. A factual basis for the plea was not developed as required by Rule 11. Noncompliance by the district court with the Rule requires that the defendant's guilty plea be set aside and his case remanded for another hearing at which he may plead anew. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

The government's reliance on *Guthrie v. United States*, 517 F.2d 416 (9th Cir. 1975), is misplaced. There, we held that the rule was complied with when the accused affirmed that he " 'in fact did the acts charged by the government.' " *Id.* at 418. In the case before us, no facts were referred to and no factual basis for the plea could, therefore, be developed.

Reversed.