**UNITED STATES of America, Appellee,**

v.

**Boyd James O'DONNELL, Appellant.**

**No. 76–1003.**

United States Court of Appeals,
Ninth Circuit.

July 20, 1976.

Certiorari Denied Nov. 15, 1976.
See 97 S.Ct. 386.

Randall E. Greer (argued), Los Angeles, Cal., for appellant.

Christopher L. Pickrell, Asst. U. S. Atty. (argued), Tucson, Ariz., for appellee.

## OPINION

Before WALLACE and SNEED, Circuit Judges, and FERGUSON,* District Judge.

SNEED, Circuit Judge:

Appellant O'Donnell appeals the district court's judgment which convicted him upon his plea of guilty of violating Title 18, U.S.C. § 152[1] (knowingly and fraudulently making a false oath in relation to material matters in a bankruptcy proceeding) as charged in Count XI of the indictment. Our jurisdiction rests on 28 U.S.C. § 1291.

In this appeal O'Donnell contends: (1) his plea of guilty did not conform with Rule 11 of the Federal Rules of Criminal Procedure; (2) he was denied his constitutional rights to due process of law and to a speedy trial; (3) these constitutional rights are not waived by a plea of guilty; (4) Count XI failed to state an offense.

Appellant therefore urges that we should set aside the guilty plea, vacate the judgment, and remand the case to the district court with directions that appellant be permitted to plead anew. We reject appellant's contentions, and affirm the judgment of the district court.

---

* Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

1. 18 U.S.C. § 152 provides in pertinent part:

Whoever knowingly and fraudulently makes a false oath or account in or in relation to any bankruptcy proceeding; or
. . . . .
Shall be fined not more than $5,000 or imprisoned not more than five years, or both.

## I.

### Facts.

On May 30, 1974, Boyd James O'Donnell was charged in a two-count indictment for his acts of March 13, 1970, which allegedly violated 18 U.S.C. § 152 and for his acts of April 7, 1970, which allegedly violated 18 U.S.C. § 1621 (perjury). Trial was set for November 26, 1974, but the date was vacated on November 5, 1974.

On January 9, 1975, the grand jury filed a thirty-one count superseding indictment, charging the appellant with thirty-one violations of 18 U.S.C. § 152 arising from acts occurring on either March 13, 1970, or April 7, 1970. Count XI of this indictment charged the appellant with knowingly and fraudulently making a false oath as to material matters relating to his bankruptcy consisting of his knowing and fraudulent statement in his petition for bankruptcy that he was employed by United International Corporation of Phoenix, Arizona, whereas in truth and in fact, appellant then knew he was not employed by United. Trial was set for November 18, 1975.

On October 30, 1975, appellant filed a motion to dismiss the indictment on the grounds that the pre-indictment and post-indictment delays had deprived the appellant of his rights to due process of law and to a speedy trial, as guaranteed by the Fifth and Sixth Amendments. The motion was denied on November 7, 1975.

Appellant on November 18, 1975, entered a plea of guilty to Count XI of the indictment. All other counts of the indictment were dismissed on December 8, 1975.

## II.

### Compliance With Rule 11.

At the time that O'Donnell entered his guilty plea in the instant case, Rule 11 of the Federal Rules of Criminal Procedure provided that before a district court could accept a plea of guilty, it must determine that the plea is made voluntarily, with an understanding of the nature of the charge and the consequences of the plea. The court must also be satisfied that there is a factual basis for the plea. Rule 11(f).

While Rule 11 does not require that the district court observe any particular ritual, it does require that the judge employ procedures sufficient to determine that the defendant understands the charges against him and the consequences of his plea, and that the defendant's plea is truly voluntary. *Guthrie v. United States*, 517 F.2d 416, 418 (9th Cir. 1975); *United States v. Youpee*, 419 F.2d 1340, 1344 (9th Cir. 1969); *Munich v. United States*, 337 F.2d 356, 359 (9th Cir. 1964).

Rule 11 is also designed to produce a complete record when the plea is entered of the factors relevant to determining whether the Rule has been complied with in order to suppress frivolous attacks on the constitutional validity of the plea. *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Guthrie v. United States, supra* at 418 (9th Cir. 1975). If the district court fails to comply with Rule 11, the plea entered thereunder must be set aside and the case must be remanded in order to permit the defendant to plead anew. *McCarthy v. United States, supra* 394 U.S. at 463–64, 89 S.Ct. 1166 (1969).

After carefully examining the record, we are satisfied that the requirements of Rule 11 have been met. The record established that appellant was 58 years old, was not under the influence of any drug, medication or alcohol that might impair his reasoning, had a college education, and had been involved in court proceedings prior to the charges involved in the present case. O'Donnell was apprised of the fact that by pleading guilty he waived his constitutional right to a jury trial and the penumbral rights thereof, and he was informed that the maximum possible sentence for Count XI was five years imprisonment and a $5,000 fine. The court read the substance of Count XI to O'Donnell and then asked: "Generally, are those facts true?" O'Donnell answered, "Yes,

they are." He also informed the court that before deciding to plead guilty, he had discussed the charges and facts set forth in Count XI with his attorney. O'Donnell also stated that he was pleading guilty to Count XI because he was guilty of the charges and for no other reason.

From the record it appears that O'Donnell understood the nature of the offense charged in the indictment and that his plea clearly was voluntary. The record also establishes a factual basis for accepting the guilty plea. We therefore reject appellant's contention with respect to Rule 11. *See Guthrie v. United States, supra* at 418–19; *United States v. Youpee, supra* at 1343–44. Our decision in *Salas v. United States,* 529 F.2d 1276 (9th Cir. 1975), is not to the contrary.

### III.

#### *Waiver of Pre-Trial Constitutional Violations by Guilty Plea.*

■ The Sixth Amendment's guarantee of the right to a speedy trial is activated only when the putative defendant in some manner becomes an "accused." *United States v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 445, 30 L.Ed.2d 468 (1971). Dismissal of the conviction and indictment, moreover, is the only proper remedy for deprivation of one's right to a speedy trial. *Strunk v. United States,* 412 U.S. 434, 440, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973). The Fifth Amendment, on the other hand, requires only that an indictment be dismissed if it is shown that the pre-accusation delay substantially prejudiced the defendant's right to receive a fair trial. 404 U.S. at 326, 92 S.Ct. 445. Appellant became an accused when he was indicted by the grand jury.

■ The Supreme Court of the United States has never explicitly considered whether a guilty plea waives these specific rights, but recent court opinions do provide guidelines. The guilty plea trilogy of *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); and *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), stand for the general rule that a guilty plea that is intelligently and voluntarily made, precludes later constitutional challenges to the pretrial proceedings. *Lefkowitz v. Newsome,* 420 U.S. 283, 288, 95 S.Ct. 886, 889, 43 L.Ed.2d 196 (1975).

The principle of the *Brady* trilogy was reaffirmed in *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Speaking for the Court, Mr. Justice Rehnquist stated:

We thus reaffirm the principle recognized in the *Brady* trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann. Id.* at 267, 93 S.Ct. at 1608.

*Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) is the latest decision of the Court in this area. *Menna* held that a defendant's rights under the Double Jeopardy Clause of the Fifth Amendment are not waived by a plea of guilty to a charge with respect to which the Constitution precludes the State from prosecuting. *Id.* 96 S.Ct. at 242, n.2. The court explained that neither *Tollett* nor the *Brady* trilogy hold that counseled pleas of guilty inevitably waive all antecedent constitutional violations. Instead, these cases stand for the proposition that pleas of guilty, when made voluntarily and intelligently, are admissions of factual guilt which are so reliable, that the issue of factual guilt is removed from the case. "A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establish-

ment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." *Id.*

■ The appellant in the instant case argues that the rights guaranteed by the Due Process Clause of the Fifth Amendment and by the right to a speedy trial of the Sixth Amendment are analogous to the rights protected by the Double Jeopardy Clause of the Fifth Amendment. He therefore contends that his guilty plea did not waive these violations. We disagree.

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the court observed that the Double Jeopardy Clause provides three related protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. *Id.* at 717, 89 S.Ct. at 2076.

The underlying premise of these protections is that "[w]hen a defendant has been once convicted and punished for a particular crime, principles of fairness and finality require that he not be subjected to the possibility of further punishment by being again tried or sentenced for the same offense." *United States v. Wilson*, 420 U.S. 332, 342–345, 95 S.Ct. 1013, 1021–22, 43 L.Ed.2d 232 (1975). [Citations omitted]. Thus the very initiation of the proceedings in *Menna* operated to deny the defendant his right against double jeopardy. The Constitution protects him from a second conviction whether its origin is a trial *or a plea of guilty.*

The protections afforded by the Fifth and Sixth Amendments are different. Their purpose is to insure that factual guilt is validly established. That is, their purpose is to guarantee that the accused's right to a fair trial is not substantially prejudiced by either pro- or post-accusation delays. The existence of such violations is consistent with guilt as a matter of fact. If guilt can

be validly established such violations are not logically inconsistent therewith. While such violations preclude the establishment of guilt by trial, that is the extent of their reach. The establishment of guilt by a proper plea is not condemned by these protections. The Constitution protects the accused from conviction by trial but not a conviction by way of a plea of guilty. *Tollett* and the *Brady* trilogy control here. *Menna* is inapplicable.[2] For this reason it is not necessary for us to consider the merits of O'Donnell's constitutional claims.

## IV.

### *Failure to State an Offense.*

We have construed 18 U.S.C. § 152 to require that false oath be given in relation to some material matter. *Metheany v. United States*, 365 F.2d 90 (9th Cir. 1966), *appeal after remand*, 390 F.2d 559 (9th Cir.), *cert. denied*, 393 U.S. 824, 89 S.Ct. 81, 21 L.Ed.2d 94 (1968).

Count XI of the indictment charged that O'Donnell knowingly and fraudulently made a false oath as to material matters relating to his bankruptcy petition in that he knowingly and fraudulently stated that he was employed by United International Corporation of Phoenix, while in truth and fact he was not employed by United.

O'Donnell's principal argument is that the false statements alleged in Count XI were immaterial, since they *overstated* his current earning capacity. Appellant therefore contends that to constitute material false statements, the statements would have to *minimize* his earning capacity. We disagree.

■ Materiality does not require a showing that creditors are harmed by the false statements. *See In re Robinson*, 506 F.2d 1184, 1188–89 (2d Cir. 1974). Matters are material if pertinent to the extent and nature of bankrupt's assets, including the history of a bankrupt's financial transac-

---

2. Moreover, even if a plea of guilty did not in and of itself waive a speedy trial defense, the defendant here specifically was asked to and

did waive "any defenses" that he might have to the charge in question. No such specific waiver was present in *Menna.*

tions. *See Metheany, supra.* Materiality is also established when it is shown that the inquiry bears a relationship to the bankrupt's business transactions or his estate, *Willoughby v. Jamison*, 103 F.2d 821, 824 (8th Cir.), *cert. denied*, 308 U.S. 588, 60 S.Ct. 111, 84 L.Ed. 492 (1939), or concerns the "discovery of assets, including the history of a bankrupt's financial transactions." *In re Mascolo*, 505 F.2d 274, 277 (1st Cir. 1974). Statements designed to secure adjudication by a particular bankruptcy court are also material. Under these standards O'Donnell's false statements cannot be considered immaterial. They concerned his ability to acquire assets and may have tended to assure the bankruptcy forum he desired. They were material to his creditors, to him, and to the bankruptcy court. This surely is enough.

The judgment of the district court is AFFIRMED.