945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Durward HARPER, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-16691.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 19, 1991.*
Decided Oct. 2, 1991.
 
 Before CHOY, ALARCON and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Durward Harper, Jr., a federal prisoner, appeals pro se from the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Harper pleaded guilty to one count of conspiracy to deliver national defense information to aid a foreign government in violation of 18 U.S.C. § 794(c) and was sentenced to life imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 * Rule 11 Violations
 
 
 4
 Harper contends that the district court failed to ensure that his guilty plea was voluntary, as required by Fed.R.Crim.P. 11(c) & (d), and failed to inform him that the plea agreement would be implemented, as required by Rule 11(e)(3).
 
 
 5
 For a section 2255 movant to successfully challenge a guilty plea based on a violation of Rule 11, he must establish that the error resulted in a complete miscarriage of justice or a violation of due process. United States v. Timmreck, 441 U.S. 780, 783-85 (1979); United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987). To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Voluntariness is determined by examining all of the circumstances surrounding the guilty plea. Id. at 242-43. The accused must be aware of the nature and elements of the charges against him and the possible punishment he faces. Id. He also must understand that he is waving his constitutional rights to avoid compulsory self-incrimination, to confront his accusers, and to a trial by jury. Id. Statements made by a defendant in open court regarding the voluntariness of a plea carry a strong presumption of verity. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1987).
 
 
 6
 Harper acknowledged in his written plea agreement and during the plea hearing that (1) he understood the charges and the maximum punishment he faced, (2) the written plea agreement contained the only promises made to him, (3) no threats had been made to coerce his plea, (4) he waived his constitutional rights to avoid self-incrimination, to confront his accusers, and to a jury trial, and (5) he understood that the government's sentencing recommendation was not binding on the judge. The district court then accepted the plea in open court. Given these circumstances, Harper's guilty plea was voluntary and intelligent in accordance with the requirements of Rule 11 and due process. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).[1]
 
 II
 Breach of Plea Agreement
 
 7
 Harper contends that his plea agreement was violated when (1) the district court sentenced him to life imprisonment and recommended that parole should not be granted and (2) the government referred during sentencing to its inability to ask for the death penalty and failed to recommend leniency.
 
 
 8
 The plea agreement provided only that the government would recommend that Harper receive a life sentence. Harper acknowledged that he understood that the recommendation was not binding and that the actual sentence was within the court's discretion, and he was sentenced to life imprisonment, which was contemplated by the plea agreement and authorized by statute. See 18 U.S.C. § 794(a) & (c).
 
 
 9
 Moreover, the sentencing court's "advisement to the parole board that parole not be granted in the future" was a recommendation within its discretion, see United States v. Sharp, No. 88-5122, slip op. 10211, 10221 (9th Cir. Aug. 5, 1991), and is not binding on the parole commission, see 18 U.S.C. § 4207(4) (parole provisions for offenses committed before November 1, 1987); 28 C.F.R. § 2.19(a)(4) & (d). Moreover, the recommendation does not affect Harper's eligibility for parole after ten years of incarceration. See United States v. Kinslow, 860 F.2d 963, 969 (9th Cir.1988) (citing 18 U.S.C. § 4205), cert. denied, 110 S.Ct. 96 (1989). Accordingly, the district court properly denied the motion as to this claim.
 
 III
 Excessive Sentence
 
 10
 Harper contends that the life sentence imposed was excessive because the district court failed to consider mitigating factors such as his early acceptance of responsibility, his cooperation with the government, and his remorse for committing the crime.
 
 
 11
 Sentencing is left to the sound discretion of the trial judge, whose decision is reviewed only for an abuse of discretion. United States v. Yarbrough, 852 F.2d 1522, 1545 (9th Cir.), cert. denied, 488 U.S. 866 (1988). If the sentence imposed is within statutory limits, it generally is not subject to review. Id.
 
 
 12
 Here, Harper was convicted under 18 U.S.C. § 794(c) for conspiring to deliver national defense information to aid a foreign government. An individual convicted under 18 U.S.C. § 794(c) may be punished "by imprisonment for any term of years or for life."[2] See 18 U.S.C. § 794(a) & (c). Here, the district court's imposition of a life sentence is within the statutory limits of section 794(a) and was expressly contemplated by the parties. Accordingly, we affirm the district court's denial of the claim.
 
 IV
 Prosecutorial Misconduct
 
 13
 Harper first contends that the prosecution (a) urged him not to fire his first attorney in order to avoid interference with Harper's cooperation with the government which was necessary to complete and file the indictment, and (b) misled the court as to the need for two delays in the indictment date. Assuming these are constitutional violations, which we do not decide, they occurred prior to the entry of the plea and thus are not cognizable in a subsequent collateral proceeding. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. O'Donnell, 539 F.2d 1233, 1236-37 (9th Cir.), cert. denied 429 U.S. 960 (1973).
 
 
 14
 Harper next contends that the prosecution edited his stipulated facts statement before it was presented at the plea hearing. On appeal, he also states that the prosecution prepared the statement and he only initialled it. Nevertheless, he admitted in open court during the plea hearing that it was his statement and read it into the record. Accordingly, the district court properly denied the motion as to this claim.
 
 
 15
 Harper next contends that the government failed to inform the court at the sentencing hearing of Harper's cooperation with the government. Nevertheless, the plea agreement did not require the government to inform the court of Harper's cooperation at sentencing. Instead, Harper elected to have a post-sentence report prepared detailing his cooperation with the government which was introduced by the government, in accordance with the terms of the plea agreement, at a post-sentencing Rule 35 proceeding. The district court properly denied this claim.
 
 
 16
 Finally, Harper contends conclusorily that the government (1) presented inaccurate information and evidence at the plea hearing, and (2) expressed opinions and otherwise inflamed the court at the sentencing hearing. Harper does not specify what information was inaccurate or inflammatory, and his claims are not substantiated by the record. Because Harper has made no specific factual allegations which, if proved, would entitle him to relief, the district court properly denied the motion as to this claim. See United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).
 
 V
 Judicial Misconduct/Bias
 
 17
 A party must show extrajudicial bias or prejudice when seeking disqualification of a district court judge. Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987). Harper's conclusory allegations do not establish extrajudicial bias or prejudice on the part of the district court judge. See id.
 
 VI
 Ineffective Assistance of Counsel
 
 18
 To demonstrate ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Strickland, at 689. In the context of a guilty plea, prejudice is established if there is a reasonable probability that but for the counsel's error, the defendant would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 19
 Harper first challenges his attorney's failure to contest the alleged improprieties in the plea and sentencing proceedings discussed above. Because Harper's challenges to the alleged improprieties are meritless, he cannot show prejudice from his attorney's failure to contest them, and the district court properly denied the claim. See Strickland, 466 U.S. at 687.
 
 
 20
 Harper also alleges that his attorney rendered him ineffective assistance by failing to appeal the denial of the Rule 35 motion to correct his sentence. Harper does not allege or demonstrate any prejudice from the failure to appeal, and accordingly, his claim fails. Id.
 
 VII
 Inaccurate Post Sentence Report
 
 21
 Harper contends that the post-sentence report presented at the Rule 35 proceedings contained inaccuracies and that he was not given an opportunity to review the report to provide important mitigating information (SER 224-25). Nevertheless, he does not specify what the alleged errors are or how they prejudiced him. Because Harper has made no specific factual allegations which, if proved, would entitle him to relief, the district court properly denied the motion as to this claim. See United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the first time on appeal, Harper alleges that (1) the district court participated in the plea negotiations in violation of Fed.R.Civ.P. 11(e), and (2) there was no factual basis for his guilty plea in violation of Rule 11(f). Because there are no extraordinary circumstances warranting review, we decline to address the issues. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985)
 
 
 [2]
 In United States v. Harper, 729 F.2d 1216, 1226 (9th Cir.1984), this court held that the death penalty provision of 18 U.S.C. § 794 is unconstitutional