**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Richard T. BROWN, Defendant—
Appellant.**

No. 04–30405.

D.C. No. CR–03–05426–002.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 2005.

Decided Oct. 19, 2005.

Bruce F. Miyake, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Paula T. Olson, Esq., Tacoma, WA, for Defendant–Appellant.

Appeal from the United States District Court for the Western District of Washington, Ronald B. Leighton, District Judge, Presiding.

Before SCHROEDER, Chief Judge, ALARCON and LEAVY, Circuit Judges.

MEMORANDUM *

Richard T. Brown appeals his conviction and sentence for conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). He argues that the district court erred when it denied his motion to suppress evidence seized when police discovered him operating a methamphetamine lab in a shed in his co-defendant's backyard during the officers' response to a reported kidnaping. After de novo review, *see Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), we affirm the conviction. Because Brown was sentenced under the mandatory provisions of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the Sentencing Guidelines, we remand in accordance with *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). Because the parties are familiar with the facts, we recite them herein only as necessary to our disposition.

■ Officer Hogsett's warrantless search of the backyard fell under the emergency exception to the warrant requirement because it satisfied the three conditions to justify such a search. *See United States v. Cervantes,* 219 F.3d 882, 888–91 (9th Cir.2000). The report of a possible armed kidnaping gave the police officers an initial reasonable belief that an emergency existed and police assistance was necessary. Officer Hogsett's continued belief that an emergency existed after the radio call from Officer Carr was reasonable because Carr did not state that the alleged kidnap victim had been found and Hogsett continued to hear unexplained noises from the shed with windows that were suspiciously covered with black plastic and a door that was padlocked. There is no evidence that the officers' search was motivated by an intent to arrest and seize evidence and Hogsett's search of the backyard near the shed was limited to the area necessary to respond to the perceived emergency. Based on the totality of the circumstances, Hogsett's warrantless search of the backyard fell within the emergency exception to the warrant requirement. *See United States v. Stafford,* 416 F.3d 1068, 1074 (9th Cir.2005).

■ Brown's plea agreement waived his right to a speedy trial. This waived both his rights under the Speedy Trial Act and his constitutional right to a speedy trial. *See United States v. Bohn,* 956 F.2d 208, 209 (9th Cir.1992); *United States v.*

*O'Donnell,* 539 F.2d 1233, 1237 (9th Cir. 1976).

■ Because the record does not reflect whether Brown would have received a different sentence had the district court known that the Sentencing Guidelines were advisory, we remand this case to the district court for a determination whether "the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Ameline,* 409 F.3d at 1074; *United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005).

AFFIRMED IN PART; REMANDED IN PART.