**UNITED STATES of America**
**v.**
**Charles Frederick WAGNER.**
**Crim. No. 11566.**

United States District Court
D. Connecticut.
Dec. 7, 1965.

$4,103.14 of the money and property of the Health & Welfare fund of his union local on the ground that a prosecution on the indictment would constitute double jeopardy.

 A True Bill was first returned on May 17, 1965, charging the defendant Wagner with embezzling $4,103.14. On June 7, 1965, a plea of not guilty was entered. After the case was assigned for trial sometime in September, a conference of attorneys took place as a result of which the government's attorney agreed not to oppose the defendant's proposal to plead nolo contendere to a lesser amount. Thus, on October 4, 1965, the original indictment was dismissed by leave of court (Judge T. Emmet Clarie). At the same time, a criminal information charging defendant with the embezzlement of $1,986.67 was filed when the defendant waived indictment. A plea of nolo contendere was tendered, accepted, and a finding of guilty entered by the court. On the date of disposition, October 18, 1965, defendant, during his allocution statement, denied that he had converted the money to his own use with guilty intent. While not an unusual claim from one charged with embezzlement, since the defendant was represented by counsel there was ample reason for the judge to refrain from conducting a full exploration into all elements of his guilt at the time of his plea. Since the court most properly would not have accepted a plea of guilty from one who claimed to be innocent, the court immediately ordered the finding of guilty and the nolo contendere plea erased, and a plea of not guilty was entered. On October 22, 1965, the Grand Jury again returned a True Bill charging defendant with the embezzlement of the higher amount.[1]

The defendant claims that during the two weeks from October 4th to October

---

Jon O. Newman, U. S. Atty., Hartford, Conn., David Margolis, Asst. U. S. Atty., for United States.

Edward McMahon, Plainville, Conn., for defendant.

### RULING ON MOTION TO QUASH THE INDICTMENT

BLUMENFELD, District Judge.

Defendant moves to quash an indictment charging him with embezzlement of

---

1. The existence of two complaints presenting the same charge against the defendant—one by indictment and one by information—presents no problem. The government will have to elect on which one it will try the defendant. The other one will be dismissed. Rule 48(a), Fed. R.Crim.P.

18th he was in jeopardy of "life and limb" and a prosecution for the same offense under the new indictment would violate the fifth amendment's command that "[no person shall] be subject for the same offense to be twice put in jeopardy of life or limb." I hold that viewing the record as it appears today, no such jeopardy attached to this defendant.

 In the first place, the plea of nolo contendere, because of its unique character, can only be made with the consent of the court. Rule 11, Fed.R. Crim.P. When the defendant aided by his counsel sought that consent, he knew that a finding of guilty must be entered on his plea of nolo contendere. It would imperil the integrity of the rule to constrain a judge from erasing that finding shortly after it had been entered for the purpose of protecting the interests of a defendant who protested his innocence.

This is not a case where the indictment was dismissed after plea to benefit the prosecution. United States v. Barbosa, 224 F.Supp. 628 (D.P.R.1963).

Once the plea was withdrawn, the finding erased, and a plea of not guilty entered, there was nothing on the record to embarrass or adversely affect the defendant thereafter. Jeopardy cannot be said to attach in such a situation. In the only federal case that could be uncovered directly in point, it was held that the offer, acceptance and entry of the plea of nolo contendere does not constitute jeopardy once promptly set aside by the court. Stewart v. United States, 300 F. 769 (8th Cir. 1924). Even if the plea was guilty and promptly erased, jeopardy would not attach. Saldana v. United States, 274 F.2d 352 (9th Cir. 1959), affirmed as to the count in question with no opinion, but reversed as to other counts, 365 U.S. 646, 81 S.Ct. 783, 5 L.Ed.2d 855 (1961).

The presence of a plea of not guilty to the indictment does not constitute jeopardy and a second indictment will not be double jeopardy. Cf. Clawans v. Rives, 70 App.D.C. 107, 104 F.2d 240,

122 A.L.R. 1436 (1939). And the fact that the latter indictment charges embezzlement of a larger sum is of no significance.

The motion is denied.