No. 73–6719. DORMAN *v.* UNITED STATES. C. A. 4th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

In 1973 Frank Dorman was sentenced by the District Court to a term of three years for violating the travel restrictions of his bond and to two concurrent seven-year terms for the interstate transportation of forged checks. In imposing sentence, the trial judge emphasized the "very, very substantial" record of Dorman's prior convictions. The trial judge learned of these state convictions from a presentence report, which had incorporated the convictions listed in an FBI summary. None of these documents revealed, and it has not been ascertained, whether Dorman had the assistance of counsel at the time these convictions were obtained. On appeal, Dorman sought to have his case remanded for a determination whether he lacked counsel at the time of the prior convictions, and if so for imposition of a new sentence. The Court of Appeals held that Dorman had waived any objection to the trial court's use of the prior convictions by his failure to object after disclosure of the presentence report.

Since the landmark case of *Gideon* v. *Wainwright,* 372 U. S. 335 (1963), we have held that convictions obtained without the provision of counsel for the accused may not be used to enhance punishment under a recidivist statute, *Burgett* v. *Texas,* 389 U. S. 109 (1967), nor to influence the determination of a discretionary sentence, *United States* v. *Tucker,* 404 U. S. 443 (1972), nor to impeach

the credibility of a defendant at trial, *Loper* v. *Beto,* 405 U. S. 473 (1972). The guiding principle was stated in *Burgett* v. *Texas:*

> "To permit a conviction obtained in violation of *Gideon* v. *Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that . . . right." 389 U. S., at 115.

The Court of Appeals permits the defendant's sentence to stand, with ample demonstration that the sentencing judge relied heavily on prior convictions, and no demonstration in the record that he had counsel during the prosecutions involved. The decision below remits the defendant to collateral challenge to his sentence. Under Fourth Circuit practice, the defendant must apparently now challenge each state conviction through independent proceedings and, if successful, move to vacate the federal sentence now in issue under 28 U. S. C. § 2255. See *Brown* v. *United States,* 483 F. 2d 116 (CA4 1973). This result is consonant neither with sound judicial administration nor with fairness to the accused. The determination whether a defendant had counsel at the time of prior convictions should ordinarily be ascertainable from an examination of the records of conviction. I would place the burden of that examination, which surely would add only a small increment to the task of preparation for trial or sentencing, upon the Government. This procedure would centralize in one proceeding all inquiry relevant to the use of prior convictions and would give positive assurance in the record that *Gideon* was not undercut through impermissible collateral uses of uncounseled convictions.

In this case the sentencing occurred nearly a year after our decision in *United States* v. *Tucker, supra,* time enough for the Government to have assumed the burden of demonstrating the constitutional validity of each conviction used against the accused. I would grant certiorari and reverse the judgment below.