Ricky L. ANGERHOFER,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 88-45.

Supreme Court of Wyoming.

Aug. 5, 1988.

Ricky L. Angerhofer, pro se.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Paul S. Re-

hurek, Asst. Atty. Gen., Cheyenne, for appellee.

Before CARDINE, C.J., THOMAS, URBIGKIT and MACY, JJ., and BROWN,* J., Retired.

THOMAS, Justice.

The main question raised by this appeal is whether Angerhofer was entitled to withdraw a plea of guilty because of the failure of the trial court to comply with the provisions of Rule 15, W.R.Cr.P. A collateral claim is urged to the effect that Angerhofer should have been allowed to withdraw his plea of guilty in order to correct a manifest injustice. The trial court effectively denied Angerhofer's Motion to Withdraw Plea by not considering it within sixty days.[1] We are in accord with the result of the automatic denial since Angerhofer has failed to demonstrate any valid basis for the withdrawal of his plea of guilty. The denial of the Motion to Withdraw Plea is affirmed.

As the appellant, Angerhofer states the issue in this way:

"Whether the trial court abused its discretion and violated appellant's right to the due process of law by accepting appellant's plea."

In its Brief of Appellee, the State of Wyoming restates the issue as follows:

"I. Whether the State complied with its plea bargain commitment and whether appellant has established a manifest injustice requiring withdrawal of the plea?"

After appropriate proceedings had been conducted in the County Court for Natrona County, Angerhofer was charged with escape from official detention in violation of § 7–18–112(a)(i), W.S.1977, June 1987 Repl.,[2] and § 6–5–206(a)(i), W.S.1977, June

* Retired June 30, 1988.

1. Rule 301, Uniform Rules for the District Courts of the State of Wyoming, provides, in pertinent part:
   "* * * All motions not called up or set for hearing within 60 days after filing will automatically be denied, * * *."

2. Section 7–18–112(a)(i), W.S.1977, June 1987 Repl., provides:
   "(a) An offender or an inmate is deemed guilty of escape from official detention and shall be punished as provided by W.S. 6–5–206(a)(i) if, without proper authorization, he:
   "(i) Fails to remain within the extended limits of his confinement or to return within the

1983 Repl.[3] The court file reflects that Angerhofer had been assigned or transferred to Community Alternatives of Casper after a conviction for burglary, a felony, and had been permitted to leave Community Alternatives of Casper to visit his wife in Riverton, Wyoming. The file further reflects that prescribed time limits were set for his return and that he had not returned within those time limits. In a separate information, Angerhofer also was charged with the offense of receiving stolen property in violation of § 6–3–402, W.S.1977, 1987 Cum.Supp. Angerhofer was presented for arraignment on the charges in both cases on March 5, 1987. Upon inquiry by the court as to whether the State intended to proceed on both counts, the prosecuting attorney replied that, in accordance with a negotiated disposition, which did not encompass any agreement as to a sentence, the State would move to dismiss the charge of receiving stolen property upon acceptance of the plea of guilty to the escape charge. The court then stated that it would take the motion to dismiss the receiving stolen property charge under consideration pending further proceedings. After so advising Angerhofer, the court proceeded with his arraignment on the charge of escape from detention. On the same day, the prosecuting attorney presented a motion to dismiss the information charging Angerhofer with receiving stolen property, and on March 6, the court signed an order, which was entered on March 11, 1987, dismissing that case.

On May 28, 1987, Angerhofer appeared for sentencing, and the court imposed a sentence of not less than two years nor more than three years in the state penitentiary, with credit for 184 days served in the county jail to be deducted from both the minimum and maximum terms. The Judgment and Sentence also provided that this sentence was to be served concurrently with the sentence imposed in the parole

revocation proceeding relating to the earlier conviction. Angerhofer did not appeal from this Judgment and Sentence.

Angerhofer, however, did pursue relief diligently in the district court. In July, following the Judgment and Sentence, he sent a letter to the trial judge requesting a reduction of his sentence. The court treated that as a motion to reduce his sentence and denied it. In August, Angerhofer filed a formal Motion for Reduction of Sentence, and that was followed by a Motion by Defendant to Dismiss the Information, which was filed in September. Next, Angerhofer filed a Motion in Arrest of Judgment and, still later in the month of September, he filed a Motion to Withdraw Plea. His final, formal effort to obtain relief in the district court was another Motion to Withdraw Plea, which was filed on October 26, 1987. Subsequently, he sent a letter to the district judge requesting that his sentence be reduced. The district court addressed only this last effort by an order denying the defendant's "Motion for Reduction of Sentence." None of the other motions were ruled upon by the district court.

■ Initially, Angerhofer urges that his Motion to Withdraw Plea should have been granted because the district court did not comply with subsections (e)(3) and (e)(4) of Rule 15, W.R.Cr.P. His contention is premised upon the failure of the district judge to tell him, during the course of the arraignment, whether the plea agreement had been accepted or rejected. The pertinent provisions of Rule 15, W.R.Cr.P., are:

"(e) *Plea agreement procedure.*

\*　\*　\*　\*　\*　\*

"(2) Notice of Such Agreement.—If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, *in camera*, at the time the plea is

time prescribed to a community correctional facility to which he was assigned or transferred; or \* \* \*."

**3.** Section 6–5–206(a)(i), W.S.1977, June 1983 Repl., provides:

"(a) A person commits a crime if he escapes from official detention. Escape is:
"(i) A felony punishable by imprisonment for not more than ten (10) years, if the detention is the result of a conviction for a felony; \* \* \*."

offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. "(3) Acceptance of a Plea Agreement.— If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

"(4) Rejection of a Plea Agreement.—If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, *in camera*, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement."

It is clear from the record that the trial court complied with Rule 15, W.R.Cr.P. We quote the following:

"THE COURT: The purpose of this arraignment is to explain to you the nature of the charges against you and to determine whether you are ready to enter a plea to those charges. Does the State intend to proceed on both counts at this time?

"[ASSISTANT DISTRICT ATTORNEY]: Your Honor, at this time it is my understanding pursuant to negotiated disposition with the defendant, in return for a plea of guilty to the escape from official detention, contained in 10019, the State would move to dismiss 10032, receiving stolen property. There would be no agreement as to sentencing, and at this time conditioned upon the acceptance of that plea, the State would move to dismiss 10032.

"   *   *   *   *   *   *

"THE COURT: I will take under consideration the motion to dismiss Case No. 10032, pending further proceedings."

Rule 15(e)(2), W.R.Cr.P., specifically provides that " * * * the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report." In light of the specific authorization for the court to defer its decision as to acceptance or rejection, we discern no violation of the rule in this instance.

The trial court accepted Angerhofer's guilty plea to the escape charge after determining that Angerhofer understood the charge, the rights he would waive by entry of the plea of guilty and the maximum sentence. The court further determined that there had been no promise of a lighter sentence or probation made, and the court established the factual basis for the charge. All of this occurred on the record and complied with the analysis of Rule 15, W.R.Cr.P. found in *Hoggatt v. State*, Wyo., 606 P.2d 718 (1980). When the court entered the order dismissing the charge of receiving stolen property, the plea agreement was accepted and fully complied with at that time.

■ The plea agreement in this instance was silent with respect to any sentence, and the assistant district attorney specifically advised the court that there was no agreement as to sentencing. Consequently, the judge was free to exercise his full discretion within the statutory limits, which in this instance provided for imprisonment for not more than ten years. Section 6–5–206(a)(i), W.S.1977, June 1983 Repl. The trial court sentenced Angerhofer to a term of not less than two nor more than three years in the state penitentiary, giving him credit on both the minimum and maximum terms for 184 days served in the county jail. It is readily perceptible that Angerhofer is unhappy about the length of this sentence, but "when a sentence is within the limits as set by the legislature, and since the determination of the penalty is exclusively within the discretion of the trial court, it must stand." *Hicklin v. State*, Wyo., 535 P.2d 743, 754 (1975), quoting *Bentley v. State*, Wyo., 502 P.2d 203 (1972).

Angerhofer's alternative argument is that he was "tricked into pleading guilty" because the charge of receiving stolen property never was dismissed. This contention obviously is without merit because the record shows that the charge was dismissed. The State of Wyoming complied with the plea agreement. We assume that Angerhofer simply is mistaken and has not deliberately attempted to mislead the court.

As a final position, Angerhofer urges the court to correct the manifest injustice by reversing the denial of his Motion to Withdraw Plea.[4] When relief is sought pursuant to Rule 33, W.R.Cr.P., the burden of proving manifest injustice is on the defendant who seeks to withdraw his plea of guilty. *McGiff v. State*, Wyo., 514 P.2d 199 (1973), *cert. den.*, 415 U.S. 992, 94 S.Ct. 1592, 39 L.Ed.2d 889 (1974); *Hicklin v. State*, supra. There is nothing in the record to indicate any manifest injustice in this instance. Angerhofer clearly did not meet the burden.

The denial of relief in the form of permitting Angerhofer to withdraw his plea of guilty is affirmed.

---

4. Rule 33, W.R.Cr.P., provides, in pertinent part: "(d) *Withdrawal of plea of guilty or nolo contendere.*—A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment or conviction and permit the defendant to withdraw his plea."