**William Martin ZANETTI, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 88–281.

Supreme Court of Wyoming.

Nov. 22, 1989.

John A. Zebre and John W. James, Rock Springs, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne and Paul S. Rehurek, Sr. Asst. Attys. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

Appellant William Martin Zanetti pleaded *nolo contendere* to three counts of second-degree sexual assault. After being sentenced, Appellant filed motions with the district court for withdrawal of his plea, reduction of his sentence, and correction of the record. The district court denied the motions, and Appellant appealed to this Court.

We affirm but strike that portion of the sentence which conditions Appellant's release from parole upon the payment of restitution.

Appellant raises the following issues:

I

Whether Appellant has demonstrated with particularity the District Court unilaterally changed the terms of the plea bargain agreement.

## II

Whether Appellant has met his burden of showing that manifest injustice has resulted from his plea.

    A. District Court's finding that Appellant's reason for appeal to the Supreme Court and his motions filed after the appeal are based solely on Appellant being unhappy with his sentence was erroneous.

    B. Appellant's "Motion to Withdraw" a plea of *nolo contendere* was based on a number of issues giving rise to "manifest injustices."

    1. Plea agreement violation.

    2. Innocence as issue on motion to withdraw *nolo contendere* pleas.

    3. Misunderstanding as to consequences of plea; Mootness/*Res Judicata.*

    4. Excessive sentencing/Mootness.

    5. Presence of defense on the merits.

## III

Whether the District Court, Third Judicial District, improperly failed to grant Appellant's *Motion to Correct the Record.*

In his supplemental brief, Appellant added the following issue:

    I. Whether under the circumstances of the case Appellant was denied the right to a speedy trial.

## Facts

On October 16, 1986, a criminal complaint and warrant was filed against Appellant, charging him with three counts of immoral or indecent acts in violation of Wyo.Stat. § 14–3–105 (1977) and ten counts of second-degree sexual assault in violation of Wyo.Stat. § 6–2–303(a) (1977). Appellant pleaded not guilty to all counts on March 11, 1987. At the arraignment, the court mistakenly informed Appellant that the maximum sentence for second-degree sexual assault was ten years per count.[1]

Appellant entered into a plea agreement with the county attorney's office. The agreement provided that Appellant would plead *nolo contendere* to three counts of second-degree sexual assault in exchange for the dismissal of the remaining ten charges. In addition, Appellant agreed to pay $13,831.96 to the Wyoming Department of Public Assistance and Social Services and an undetermined amount to the alleged victims for expenses incurred in filing the criminal actions, insurance deductible payments, airline tickets, accrued medical bills, and child care expenses. The parties agreed that the State would rely upon the presentence report and not make a sentencing recommendation.

On June 14, 1988, Appellant changed his plea to *nolo contendere* on three counts of second-degree sexual assault, stating, "I deny the charges, Your Honor, for expediency reasons only. My plea is being—my plea is based upon the need of defense, to defend myself in the civil—the civil case filed against me." At that time, the district court informed Appellant of the correct maximum punishment for second-degree sexual assault. The court also explained to Appellant that, by pleading *nolo contendere*, he was admitting all the essential facts of the charges and that he was waiving his rights to remain silent, to a trial, and to confront and cross-examine witnesses. The court informed Appellant that it would ask him questions about the offenses and that any responses could be used in a prosecution for perjury or false statement. The court determined that the plea was voluntary and deferred making the decision as to whether to accept or reject the agreement. During the following dialogue, the State deferred the dismissal of the remaining charges:

    COURT: You've dismissed the other 10?

    MISS KEARNS: Yes, Your Honor, without prejudice.

---

1. The maximum sentence for second-degree sexual assault is twenty years. Wyo.Stat. § 6–2–306(a)(ii) (1977).

COURT: I would suggest that you make that dismissal conditional. That is, if I accept them—

MISS KEARNS: We haven't formerly dismissed on the record today and there's been no written dismissal and the State would defer the actual dismissal until after the sentencing.

MR. ZEBRE: I don't think that was part of the plea bargain agreement, Your Honor.

COURT: I haven't accepted—

MR. ZEBRE: I understand what the Court is saying, but I'm just saying it is my understanding that the dismissal was to be conditioned upon the nolo plea today. So if the Court wants to defer action on everything that's fine, because—

COURT: Assuming I reject any such thing. I assume you'll reject his nolo contendere plea, as I've told you. And he wants to withdraw his plea, then he'd still have 13 counts sitting there.

MR. ZEBRE: I understand that, Your Honor.

The district court sentenced Appellant to three concurrent terms of not less than fourteen years nor more than eighteen years in the Wyoming State Penitentiary. In addition, the court ordered Appellant to pay a $50 surcharge on each count to the Wyoming Crime Victim's Compensation Fund, $13,831.96 to the Wyoming Depart-ment of Public Assistance and Social Services, and an undetermined amount to each of the three alleged victims. The judgment stated that Appellant's restitution would be reduced by the amount of any civil damages awarded against Appellant and arising out of the same charges. The judgment included a provision which conditioned Appellant's release from parole upon his payment of restitution. It also acknowledged that the ten remaining charges had been dismissed.

Appellant thereafter filed motions for withdrawal of his plea, reduction of his sentence, and correction of the record. The district court heard evidence in support of the motions and denied the motions on February 22, 1989. This appeal followed.

Appellant's issues can be consolidated and addressed in the following four categories: withdrawal of a *nolo contendere* plea; excessive sentencing; correction of the record; and the right to a speedy trial.

Withdrawal of a *Nolo Contendere* Plea

W.R.Cr.P. 15 defines the district court's authority to accept guilty and *nolo contendere* pleas.[2] Before accepting a *nolo contendere* plea, the court must inform the defendant of the charges against him and determine that he understands the consequences of his plea. The court must also find that the plea is voluntary.[3] If a plea

---

2. Within the criminal context, a *nolo contendere* plea is the equivalent of a guilty plea. *Martin v. State,* 780 P.2d 1354 (Wyo.1989); *State v. Steele,* 620 P.2d 1026 (Wyo.1980).

3. W.R.Cr.P. 15 provides in pertinent part:
   (c) *Advice to defendant.*—Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
   (1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
   (2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and
   (3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and
   (4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and
   (5) That if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.
   (d) *Insuring that the plea is voluntary.*—The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the * * * result of force or threats or of promises apart from a plea agreement. The court shall

agreement is involved, the court may defer its decision to accept or reject the agreement until it has considered the presentence report. *Id.; Angerhofer v. State,* 758 P.2d 1041 (Wyo.1988).

W.R.Cr.P. 33(d) delineates when a plea may be withdrawn.[4] That rule provides:

> *Withdrawal of plea of guilty or nolo contendere.*—A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment o[f] conviction and permit the defendant to withdraw his plea.

The standards are different for presentence and postsentence withdrawals. A defendant seeking to withdraw before sentencing must present the court with a plausible reason for withdrawal. *Chorniak v. State,* 715 P.2d 1162 (Wyo.1986); *Ecker v. State,* 545 P.2d 641 (Wyo.1976). After sentencing, the defendant must justify the withdrawal by showing a manifest injustice. *Hicklin v. State,* 535 P.2d 743, 79 A.L.R.3d 1050 (Wyo.1975). This Court explained the reason for the different standards in *Hicklin:*

> "[W]ithdrawal of a guilty plea *after* sentence is conditioned by [W.R.Cr.P. 33(d)] upon a showing of 'manifest injustice.' This distinction rests upon practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. The result would be to undermine respect for the courts

and fritter away the time and painstaking effort devoted to the sentencing process."

*Id.* 535 P.2d at 749 (quoting *Kadwell v. United States,* 315 F.2d 667, 670 (9th Cir. 1963) (emphasis in original and footnotes omitted)).

The denial of a motion to withdraw a plea is an exercise of the district court's discretion. *United States v. Rivera–Ramirez,* 715 F.2d 453 (9th Cir.1983), *cert. denied* 467 U.S. 1215, 104 S.Ct. 2657, 81 L.Ed.2d 364 (1984); *United States v. Kobrosky,* 711 F.2d 449 (1st Cir.1983). *See also Murphy v. State,* 592 P.2d 1159 (Wyo. 1979). Absent an abuse of that discretion, we will not disturb the result. We have previously stated that judicial discretion is "a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Martin v. State,* 720 P.2d 894, 897 (Wyo.1986). Further, Appellant has the burden of establishing that a manifest injustice existed. *Angerhofer,* 758 P.2d 1041; *Chorniak,* 715 P.2d 1162.

■ Appellant has attempted to demonstrate the existence of a manifest injustice with a multitude of contentions ranging from noncompliance with the plea agreement to the district court's failure to inform Appellant of the *res judicata* effect of a *nolo contendere* plea. In substance, those arguments challenge the voluntariness of Appellant's plea, Appellant's understanding of the consequences of his plea, and the conduct of the State and district court while effectuating the plea agreement. Some of Appellant's arguments are not supported with cogent argument and authority, and none of them indicate there was a manifest injustice. After a careful examination of the record and after consid-

---

also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or his attorney.

4. In substance, W.R.Cr.P. 33(d) is the same as the pre–1983 Fed.R.Crim.P. 32(d), so federal authority must be given weight when defining standards for granting or denying withdrawals after sentencing. *Dobbins v. State,* 483 P.2d 255 (Wyo.1971).

ering Appellant's argument, we conclude that the district court followed the guidelines of W.R.Cr.P. 15 and that Appellant voluntarily pleaded *nolo contendere*. We hold that the district court did not abuse its discretion when it concluded that no manifest injustice existed.

## Excessive Sentencing

■ Appellant contends that the district court erred when it conditioned his release from parole upon the payment of restitution. In *Sorenson v. State*, 604 P.2d 1031 (Wyo.1979), we held that the legislature had not granted courts the authority to impose parole conditions in sentences. In that case, the appellant was sentenced to one to four years for taking immoral and indecent liberties with a child. The district court conditioned the appellant's release from parole upon the requirement that he undergo psychiatric treatment. On appeal, this Court declared that, absent legislative authorization, general parole power rests with the board of parole and not with the courts. *Id.* Thus, we hold that the portion of Appellant's sentence conditioning his release from parole is an illegal sentence, and, in accordance with *Keller v. State*, 771 P.2d 379 (Wyo.1989), we strike it and affirm the balance of the sentence.

## Correction of the Record

Appellant argues that the district court erred when it failed to correct inconsistencies in the record. In his brief, Appellant stated, "Appellant's Brief in Support of the Motion to Withdraw Nolo Contendere plea, Appellant's Reply Brief, *Evidentiary Hearing* transcript, and the Court's Decision Letter, as well as the discussion in the appeal brief all show the record should be corrected." Appellant has failed to support this contention with cogent argument and authority; therefore, we refuse to consider it. *Secrest v. Secrest*, 781 P.2d 1339 (Wyo.1989); *Dawson v. City of Casper*, 731 P.2d 1186 (Wyo.1987).

## The Right to a Speedy Trial

Appellant contends that his right to a speedy trial under the sixth amendment to the United States Constitution and art. 1, § 10 of the Wyoming Constitution was violated. We disagree.

The United States Supreme Court summarized the basic effect of a guilty plea in *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973):

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea * * *.

The Court subsequently refined the rule and held that a defendant could not waive a claim which "went to the very power of the State to bring the defendant into court to answer the charge brought against him." *Blackledge v. Perry*, 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628 (1974). In *Menna v. New York*, 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 244 n. 2, 46 L.Ed.2d 195 (1975), the Supreme Court explained:

A guilty plea * * * renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.

■ In this case, Appellant's alleged constitutional violation is not inconsistent with the valid establishment of factual guilt. *See United States v. Gaertner*, 583 F.2d 308 (7th Cir.1978), *cert. denied* 440 U.S. 918, 99 S.Ct. 1238, 59 L.Ed.2d 469 (1979); and *United States v. O'Donnell*, 539 F.2d 1233 (9th Cir.), *cert. denied* 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328 (1976). The primary purpose of the right to a speedy trial under the sixth amendment to the United States Constitution and art. 1, § 10 of the Wyoming Constitution is to prevent the defendant's right to a fair trial from being substantially impaired by pretrial delay. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Gaert-*

*ner,* 583 F.2d 308; and *O'Donnell,* 539 F.2d 1233. A violation of the right to a speedy trial precludes the establishment of guilt by trial, but it does not preclude the valid establishment of guilt by a voluntary plea. *Gaertner,* 583 F.2d 308; *O'Donnell,* 539 F.2d 1233.

This Court has also addressed the issue of what rights a defendant forfeits when he pleads guilty or *nolo contendere.* In *Tompkins v. State,* 705 P.2d 836 (Wyo. 1985), *cert. denied* 475 U.S. 1052, 106 S.Ct. 1277, 89 L.Ed.2d 585 (1986), we held that defendants cannot enter conditional guilty pleas. We also quoted the following statement with approval:

> "A plea of guilty waives all nonjurisdictional defects in the proceeding. It even bars the later assertion of constitutional challenges to the pretrial proceedings. Claims that the prosecution obtained evidence unlawfully, or that the defendant was illegally detained, *or that he was denied a speedy trial will not survive a guilty plea, except to the extent that they may go to the voluntariness of the plea.*"

*Id.* at 839–40 (emphasis added) (quoting 1 C. Wright, *Federal Practice and Procedure: Criminal 2d* § 175 at 624–27 (1982)).

In *Sword v. State,* 746 P.2d 423 (Wyo. 1987), this Court held that the appellant, by pleading guilty, forfeited the right to appeal alleged grand jury improprieties. The opinion reiterated that a defendant forfeits nonjurisdictional defenses and objections by pleading guilty. We stated, "Jurisdictional claims would be those which, if asserted and sustained upon pretrial motion, would preclude the State from bringing the defendant to trial." *Id.* at 425. Since a *nolo contendere* plea has the same effect in a criminal case as a guilty plea, *State v. Steele,* 620 P.2d 1026 (Wyo.1980), these principles also apply to *nolo contendere* pleas.

■ Although the *Sword* decision may indicate that the right to a speedy trial is a jurisdictional claim, its definition of jurisdiction is *obiter dictum* and is not binding upon our decision in this case. *Butler v. Halstead by and through Colley,* 770 P.2d 698 (Wyo.1989). We conclude that the right to a speedy trial is not jurisdictional because it does not involve "the very power of the State to bring the defendant into court." *Blackledge,* 417 U.S. at 30, 94 S.Ct. at 2103. If the State violates a defendant's right to a speedy trial, the State must dismiss the information. *Strunk v. United States,* 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973); *Harvey v. State,* 774 P.2d 87 (Wyo.1989). Dismissal is a remedy for the violation and not the result of an absence of jurisdiction.

■ Appellant's claim that he was denied the right to a speedy trial is nonjurisdictional. Additionally, we ascertain from the record that Appellant voluntarily pleaded *nolo contendere* in open court because he did not want evidence of his guilt to be used as substantive evidence in a civil case.[5] We hold that Appellant, by voluntarily pleading *nolo contendere,* admitted all the essential elements of the offenses, *Steele,* 620 P.2d 1026, and forfeited his right to appeal on the basis of a speedy trial violation.

Affirmed as modified.

URBIGKIT, J., filed a dissenting opinion.

URBIGKIT, Justice, dissenting.

I remain convinced a trial court should not take either a guilty plea or a nolo contendere plea when the charged defendant asserts his factual innocence to any

---

**5.** We note the following remarks of a commentator on the effect of a *nolo contendere* plea:

> The principal difference between a plea of guilty and a plea of nolo contendere is that the latter may not be used against the defendant in a civil action based upon the same acts. The plea is not an admission of guilt and cannot be received as such in a subsequent proceeding against the defendant. A defendant who has pleaded nolo contendere is not estopped from denying the facts on which the criminal charge was based in a subsequent civil proceeding. However an individual defendant who takes the stand in a later civil action may be impeached by his earlier conviction, even though that conviction was on a plea of nolo contendere, under the same conditions as if the conviction had followed a plea of guilty or a plea of not guilty. It is the fact of conviction, rather than the plea, that provides the basis for impeachment.

1 C. Wright, *supra,* § 177 at 666.

criminal offense and only justifies plea on some external "coercion" by failure to be provided a speedy trial and a pending civil lawsuit as is demonstrated in this appeal. *See Martin v. State,* 780 P.2d 1354 (Wyo. 1989), Urbigkit, J., dissenting. It is not the nature of a speedy trial right as either jurisdictional or non-jurisdictional in Wyoming, *see Phillips v. State,* 774 P.2d 118 (Wyo.1989); *Harvey v. State,* 774 P.2d 87 (Wyo.1989); *Despain v. State,* 774 P.2d 77 (Wyo.1989); and *United States v. LoFranco,* 818 F.2d 276 (2nd Cir.1987), to be here considered, but rather the corrosive effect of delayed disposition which creates a non-voluntary coerced result. 1 C. Wright, Federal Practice and Procedure: Criminal 2d § 172 at 567–85 (1982). *See also Menna v. New York,* 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 244 n. 2, 46 L.Ed.2d 195 (1975).

Criminal processes should not be applied to incarcerate the innocent and nolo contendere should not alter this sound principle of societal responsibility. *State v. Valencia,* 776 P.2d 1332 (Utah App.1989). If we apply all the detrimental effects of a guilty plea but use nolo contendere to avoid collateral estoppel for other purposes, I would require at least an absence of denial of guilt to justify acceptance of the plea. I recognize the opportunity for exercised discretion in absence of adoption of the proposed amendment to the federal rules of criminal procedure, but I continue to believe the pleas of nolo contendere should not be accepted if the charged defendant continues to actively maintain his innocence of any crime. *United States v. Dorman,* 496 F.2d 438 (4th Cir.), *cert. denied* 419 U.S. 945, 95 S.Ct. 214, 42 L.Ed.2d 168 (1974). *See United States v. Wagner,* 256 F.Supp. 574 (D.Conn.1965). I would find a significant difference between standing mute and active assertion of total innocence. I would also agree with English courts which have discontinued use of the nolo contendere plea since 1702. *See* Len-

vin and Meyers, *Nolo Contendere: Its Nature and Implications,* 51 Yale L.J. 1254 (1942). *See also State v. Godek,* 182 Conn. 353, 438 A.2d 114 (1980), *cert. denied* 450 U.S. 1031, 101 S.Ct. 1741, 68 L.Ed.2d 226 (1981); *State ex rel. Clark v. Adams,* 144 W.Va. 771, 111 S.E.2d 336 (1959), *cert. denied* 363 U.S. 807, 80 S.Ct. 1242, 4 L.Ed.2d 1149 (1960); Annotation, *Plea of Nolo Contendere or Non Vult Contendere,* 89 A.L. R.2d 540 (1963); and 1 C. Wright, *supra,* § 177 at 661. The requirement established in *State v. Rhodes,* 233 Neb. 373, 445 N.W.2d 622 (1989) should now be adopted for Wyoming plea practice when the nolo contendere is offered by the charged defendant.

The confining power of a denied speedy trial is an obvious example of corrosive pressure which may improperly corrupt the voluntariness of a criminal plea.[1] Obviously, no effort was made in this case to obtain compliance with the time limitations adopted by the district court bench in Uniform Rules for the District Courts 204(b), which provides a time limitation of 120 days from arraignment to trial. This maximum time provided by the district court rule of that 120 days compares with the chronology here demonstrated of a complaint filed October 16, 1986, district court arraignment on March 11, 1987, and prosecution then completed with entry of a plea on June 14, 1988. *See Phillips,* 774 P.2d 118, Urbigkit, J., specially concurring and *Despain,* 774 P.2d 77.[2]

I would reverse to permit a new plea for the appellant to either stand trial or admit for the purpose of even the nolo contendere plea that he was not innocent of any criminal conduct.

---

1. Affidavits on file in this appeal portray a disturbing connotation of desired money recovery as the complainant's purpose in criminal prosecution. The suggestion of payment as the price for nonprosecution is a supposition which is devilishly disturbing. This is an unpleasant case from start to finish—from charged offenses to presently denied guilt.

2. Certainly, present counsel for appellant has no real responsibility for the prosecutorial delay and I will not attribute explanation totally to the lack of activity by one disbarred defense attorney. From the standpoint of society, under Wyoming law, this criminal prosecution took too long to conclude. From the standpoint of the appellant, I would also say the same thing.