Arlan Ray FLORES, a/k/a Arlan Ray LaFromboise, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 91–156.

Supreme Court of Wyoming.

Dec. 11, 1991.

Micheal K. Shoumaker, Sheridan, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., and Larry M. Donovan, Sr. Asst. Atty. Gen., for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

In this case, we review the issue of a trial court's discretion to rule on a motion to withdraw a guilty plea pursuant to W.R.Cr.P. 33(d).[1] Appellant Arlan Ray Flores asserts he was misled by his trial counsel, that trial counsel had spent only a minimal amount of time with him before he entered his guilty pleas, and that he made the guilty pleas anticipating he would receive a lighter sentence than what was actually entered.

We affirm.

On the night of June 14, 1989, Flores hosted a party at his apartment in Powell, Wyoming. As the evening progressed, Flores and several of his guests became intoxicated. In the early morning hours of June 15, Flores became angry, obtained a knife from his kitchen, stabbed his half-sister in the stomach when she tried to calm him down and prevent him from attacking his half-brother, and then proceeded to inflict multiple, fatal stab wounds to his half-brother.

Pursuant to a plea agreement, Flores pled guilty to one count of intentionally or knowingly causing bodily injury with a deadly weapon in violation of W.S. 6–2–502(a)(ii)[2] for the assault on his half-sister. He also pled guilty to one count of second degree murder in violation of W.S. 6–2–104[3] for the killing of his half-brother.

Prior to sentencing, Flores filed a motion to withdraw his guilty pleas. At the hearing on March 20, 1990, Flores orally withdrew his motion to withdraw his guilty pleas. The trial court then proceeded with sentencing. At sentencing, the county attorney chose to present evidence from some of the witnesses who were present the night the crimes were committed. Flores's counsel objected to that testimony because the record already contained a complete recitation of the events which transpired the night of the crimes. The trial court chose to hear the testimony because it was not familiar with the testimony given at the preliminary hearing in the justice of the peace court. At the sentencing hearing, Flores's counsel vigorously cross-examined all witnesses who were

1. W.R.Cr.P. 33 states in part:

   **Sentence and judgment.**

   \*   \*   \*   \*   \*   \*

   (d) *Withdrawal of plea of guilty or nolo contendere.*—A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment or conviction and permit the defendant to withdraw his plea.

2. W.S. 6–2–502 states:

   (a) A person is guilty of aggravated assault and battery if he:

   (i) Causes serious bodily injury to another intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

   (ii) Attempts to cause, or intentionally or knowingly causes bodily injury to another with a deadly weapon;

   (iii) Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another; or

   (iv) Intentionally, knowingly or recklessly causes bodily injury to a woman whom he knows is pregnant.

   (b) Aggravated assault and battery is a felony punishable by imprisonment for not more than ten (10) years.

3. W.S. 6–2–104 states:

   Whoever purposely and maliciously, but without premeditation, kills any human being is guilty of murder in the second degree, and shall be imprisoned in the penitentiary for any term not less than twenty (20) years, or during life.

called. He argued intelligently and convincingly for a lenient sentence and for the trial court to consider probation. He also reminded the trial court, in Flores's presence, that the county attorney had agreed that the State would not ask for anything more than concurrent sentences for the two crimes. Flores was sentenced to serve not less than twenty-five years, nor more than life, for second degree murder, and not less than nine, nor more than ten years, for aggravated assault and battery, the sentences to be served concurrently. Flores was given credit for time served in jail pending incarceration in the Wyoming State Penitentiary on both his minimum and maximum sentences.

During these proceedings, Flores was first represented by Kenneth M. Koski, a public defender. Flores was dissatisfied with Koski's representation, so Wyatt Skaggs, the State Public Defender's Chief Trial Counsel and one of the most experienced defense counsel in the state of Wyoming, was appointed to represent Flores. Later in the proceedings, Flores also attempted to "fire" Skaggs.

On January 18, 1991, Flores, appearing pro se, filed a document in the trial court entitled "Motion for Appeal of Sentence." The time for appeal, of course, had long since passed. The judgment and sentence had been entered on March 28, 1990. The trial court treated the filing as a notice of appeal and forwarded the record to this court. The gist of Flores's pleading was that he was not guilty of the charges to which he had pled guilty. Upon review for purposes of ascertaining jurisdiction, this court remanded the matter to the district court for the purposes of disposing of the motion as a motion to withdraw guilty pleas and to appoint counsel.

Micheal K. Shoumaker was appointed as Flores's counsel and a testimonial hearing was held during which Flores was provided an opportunity to fully explain what happened and why he pled guilty. It was his testimony that before he entered his guilty pleas he had seen Skaggs three times for a half an hour to forty-five minutes at each meeting. These visits occurred before each of the hearings the trial court held in his case. Flores also testified he met with an investigator for the public defender several times before entering his guilty pleas. Further, Flores claimed that during their very first meeting Skaggs told him he should plead guilty. Following this meeting, Flores attempted to obtain new counsel, claiming he was firing Skaggs because the attorney was not doing an adequate job and he wanted a new attorney. Flores related that Skaggs had told him he was not going to drop his case. He described efforts to contact Skaggs by telephone, but was never able to reach him.

Flores stated it was his understanding regarding the plea bargain that the sentences would not be consecutive and that he was guaranteed a thirty to forty year sentence on the second degree murder charge and a small sentence on the aggravated assault and battery charge. Flores further claimed that he was instructed by Skaggs as his attorney how to answer the questions for the plea bargain hearing and he answered the questions asked of him, as directed, even though he did not necessarily agree with the statements he made. It was then his testimony that he stated to the trial court at the plea/sentencing proceeding that he was satisfied with his counsel because he was "instructed" that was how he should answer.

On June 13, 1991, the trial court entered an order denying the motion to withdraw the guilty pleas. That order provides the basis for this present appeal. *Osborn v. State*, 806 P.2d 259 (Wyo.1991).

Our standard of review for analysis of a motion to withdraw a guilty plea after sentencing is well-delineated. After sentencing, a defendant must justify the withdrawal of a guilty plea by showing manifest injustice. The determination of such a motion is addressed to the discretion of the trial court. *Zanetti v. State*, 783 P.2d 134 (Wyo.1989); *Garnett v. State*, 769 P.2d 371 (Wyo.1989); *Angerhofer v. State*, 758 P.2d 1041 (Wyo.1988); *Hicklin v. State*, 535 P.2d 743 (Wyo.1975); 3 Wright, Federal Practice and Procedure: Criminal 2d § 539 (1982); Annotation, *Withdrawal*

*of Plea of Guilty or Nolo Contendere, After Sentence, Under Rule 32(d) of Federal Rules of Criminal Procedure,* 9 A.L.R.Fed 309 (1971).

■ Thus, our search in this case is to detect an occurrence of manifest injustice. Flores claims his defense counsel did not spend adequate time with him prior to entry of his guilty pleas. Skaggs is an experienced defense counsel, and we cannot discern from the record that, under the circumstances of this case and accepting as true Flores's allegations, the time he spent with his client amounted to ineffective assistance of counsel. *See King v. State,* 810 P.2d 119 (Wyo.1991) and Annotation, *supra,* 9 A.L.R.Fed. 309. Flores maintains he should be permitted to withdraw his pleas because he has defenses in the nature of provocation and self-defense. However, Flores does not assert, nor will the record as a whole support, a claim that trial counsel failed to investigate or to thoughtfully consider the defenses which Flores now wishes to raise. *Laing v. State,* 746 P.2d 1247 (Wyo.1987). *Cf. Frias v. State,* 722 P.2d 135 (Wyo.1986).

■ Flores also claims he did not fully understand the terms of his plea bargain. The record tells us otherwise and we do not perceive a manifest injustice based upon his explication of the so-called "misunderstanding" of the bargain. At the time the pleas were entered, Flores was informed that the prosecution's only commitment was to concurrent sentences. Flores received concurrent sentences. *See Percival v. State,* 745 P.2d 557 (Wyo.1987) (including dissenting opinion of Justice Urbigkit).[4]

Flores claims he anticipated receiving a more lenient sentence. Again, nothing in the record serves to demonstrate a manifest injustice in this regard. The only guarantee of the plea bargain was that the sentences would be concurrent and they were concurrent. *See Angerhofer,* 758 P.2d 1041.

4. Conjecturally, dependent on penitentiary behavior, Flores received a more lenient sentence than he expected—dependent upon parole board action. A twenty-five to life term can be better with favor from the parole board than a thirty

Finally, Flores claims he was denied defenses that sound in the nature of self-defense and provocation. Flores retrieved a knife, killed one relative and severely injured another. Tragically, those facts are clear in this record beyond any possible doubt. *Osborn,* 806 P.2d 259. There is no evidence in the record of any kind, save Flores's self-serving and conclusory statements that he had possible defenses, let alone sufficient to demonstrate manifest injustice. Indeed, all the evidence contained in the record belies the existence of either defense. *See Garnett,* 769 P.2d 371.

The order of the trial court denying Flores's motion for withdrawal of his guilty pleas, made after sentencing, is affirmed.

to forty year sentence, e.g., with good time maximums, a minimum confinement time of about seventeen years compared to an approximate twenty year term for what he said he expected.