28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clarence E. FISHER, Petitioner-Appellant,
v.
Duane SHILLINGER, Warden of the Wyoming State Penitentiary,
and the Attorney General of the State of Wyoming,
Respondents-Appellees.
 No. 93-8112.
 United States Court of Appeals, Tenth Circuit.
 May 26, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Clarence E. Fisher, appearing pro se and having been granted leave to proceed in forma pauperis, appeals from the district court's Order which denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. We exercise jurisdiction pursuant to 28 U.S.C. 2253.
 
 
 3
 Based on two separate incidents, Fisher pleaded guilty to charges of robbery, burglary, kidnapping, armed robbery, and first degree sexual assault. He was sentenced to terms of: not less than two nor more than five years for the robbery; not less than three nor more than six years for the burglary; and not less than seven nor more than ten years for the kidnapping. These three counts were to be served concurrently. He also was sentenced to not less than ten nor more than fifteen years for the armed robbery and not less than thirty nor more than thirty-five years for the first degree sexual assault. The last two counts were to be served concurrently with each other but consecutively with the first three counts.
 
 
 4
 Fisher filed a notice of appeal with the Wyoming Supreme Court, but withdrew his appeal and pursued a request for a reduction of sentence which was denied. Fisher thereafter exhausted his state remedies for post conviction relief before bringing his federal court action.
 
 
 5
 In his petition, Fisher alleges: that he pled guilty with the understanding that the prosecutor would recommend concurrent sentences; that he was induced to and did rely on receiving concurrent sentences because of the possibility of being classified as a habitual offender; that the state court did not honor his plea agreement by sentencing him to a longer sentence than he would have received had he been classified as a habitual offender; that his counsel would not assist him in withdrawing his guilty plea; and that his counsel filed a motion for a direct appeal and then recommended withdrawing this motion in order to increase Fisher's chances for success on a separate motion for reduction of sentence.
 
 
 6
 On appeal, Fisher claims that because of his lack of understanding about the possible consequences of each of these actions or decisions: (1) he was denied effective assistance of counsel both at trial and on appeal; (2) he was denied his right to appeal; (3) and his plea was not voluntary.
 
 I.
 
 7
 Fisher argues that he was denied effective assistance of counsel at the sentencing hearing, and also post-conviction. Fisher contends that his attorney did not assist him in attempting to withdraw the guilty plea once the plea agreement was not fully accepted by the state court, and that his attorney advised him to withdraw his direct appeal without advising him that such a withdrawal would foreclose direct appeal.
 
 
 8
 The district court, first recognizing Fisher's right to effective assistance of counsel at these stages in his case, cited Strickland v. Washington, 466 U.S. 678 (1984) for the proper test to evaluate an ineffective assistance of counsel claim. Following Strickland, in order to prevail on this claim, Fisher must first prove that counsel committed errors that were so deficient that his performance failed to meet the minimal standard of "counsel" guaranteed by the Sixth Amendment. Id. at 687. Second, Fisher must prove prejudice--that the errors of his attorney were so serious and prejudicial that they deprived him of a fair proceeding. Id.; Campbell v. State, 728 P.2d 628, 629 (Wyo.1986). The prejudice component requires a showing that there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.
 
 
 9
 Pursuant to Strickland, Fisher cannot show that his attorney's actions were deficient. The record establishes that the prosecutor abided by the plea agreement and recommended concurrent sentences. The record also establishes that Fisher, though he may have expected a more lenient sentence, completely understood that the court was not bound by the prosecutor's recommendation on sentencing. Once a sentence has been imposed, a guilty plea may only be withdrawn for "manifest injustice" under Wyo. R.Crim. P. 33(d). Because there was no legitimate, good faith basis for attempting to withdraw the plea, counsel's failure to attempt to withdraw the plea cannot be deficient. See Flores v. State, 822 P.2d 369, 371 (Wyo.1992).
 
 
 10
 By the same token, Fisher's contention that his counsel gave him ineffective assistance when advising him to withdraw his direct appeal must fail. It is well established that the Strickland tests apply to appellate counsel. Evitts v. Lucey, 469 U.S. 387, 393-400 (1985). Here, for strategic purposes, Fisher heeded his counsel's advice and voluntarily chose to waive his right to appeal. The attorney's advice was based on a tactical choice between the possibility of a reduced sentence and the taking of an appeal that had little or no merit. Thus, Fisher has failed to show that the advice to forego direct appeal was deficient. See Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").
 
 II.
 
 11
 Next, Fisher contends that he was denied his right to appeal. However, voluntary waiver of a right does not constitute a denial of that right. Fisher voluntarily relied on the informed, professional advice of appellate counsel to waive his right to appeal and to concentrate all efforts on the possibility of a sentence reduction. Therefore, Fisher was not denied his right to appeal.
 
 III.
 
 12
 Finally, Fisher contends that his plea was not voluntarily given. The record of the sentencing proceeding reveals that the state court conducted a comprehensive inquiry into the factual basis for the plea and specifically found that the plea was knowingly and voluntarily given. It is clear that Fisher understood the nature of the charges to which he was pleading guilty, that Fisher was instructed and understood that the court was not bound by the plea agreement between the parties, and that no manifest injustice occurred when the court accepted his plea. The mere fact that Fisher did not receive the concurrent sentence that the prosecutor recommended does not convert an otherwise voluntary plea into an involuntary plea. See Flores, 822 P.2d at 372 (Where the record is clear that the plea is voluntary, a petitioner's claim that he did not fully understand the terms of his plea bargain will not raise to the level of manifest injustice.); see also U.S. v. Gines, 964 F.2d 972, 980 (10th Cir.1992)("Disappointment with an imposed sentence is not grounds for withdrawal of a guilty plea."), cert. denied 113 S.Ct 1023 (1993).
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470