**Max Harold ECKER, Appellant (Defendant below),**

v.

**STATE of Wyoming, Appellee (Plaintiff below).**

**No. 4503.**

Supreme Court of Wyoming.

Feb. 4, 1976.

Dallas J. Laird, Casper, signed the brief and appeared in oral argument on behalf of appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and James L. Edwards, Legal Intern, Cheyenne, signed the brief, and James L. Edwards and Thomas H. Coleman, Jr., Deputy County Atty., Lander, appeared in oral argument on behalf of appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

The defendant-appellant complains of the denial of his motion, made at the time set by the trial court for sentencing, to withdraw his plea of guilty. He claims he was promised probation and dismissal by the county attorney of one count of a two-count information if he pled guilty to the other count. His reason for his motion to withdraw his plea of guilty was that he was apprehensive about whether he would in fact receive probation. The trial judge extensively advised the defendant of his constitutional rights at an initial arraignment when defendant entered pleas of not guilty to both counts and again at the time of the change of plea. At the time of his plea change, the court advised the defendant at great length that the court was not a party to any discussions between the prosecutor and defense counsel and personally interrogated the defendant in several different ways whether or not he had been promised leniency or his plea had been coerced, to which he repeatedly responded in the negative. The defendant's explanation for not disclosing the promise of probation at this time was that he was fearful if the promise was disclosed, probation would surely not then be granted.

Other than the defendant's testimony that his former attorney—not present—had told him he would receive probation, which the trial judge was not required to believe, there was no evidence that the bargain was any more than the exchange of a plea of guilty to one count for the dismissal of the other count. The State met its promise. There is a factual basis for the plea of guilty, by the defendant's own admissions to the court, when inquired into pursuant to Rule 15, W.R.Cr.P. The trial judge scrupulously afforded every constitutional guarantee to which the defendant was entitled.

Withdrawal of a plea of guilty before sentencing is not an absolute right. Denial by the district court is within its sound discretion and there must be a plausible reason for withdrawal. *United States v. Webster*, 9 Cir. 1972, 468 F.2d 769, cert. den., 410 U.S. 934, 93 S.Ct. 1385, 35 L.Ed. 2d 597; *United States v. Valdez*, 5 Cir. 1971, 450 F.2d 1145. See also *United States v. Needles*, 2 Cir. 1973, 472 F.2d 652. Where an exhaustive voir dire of defendant before accepting plea makes it abundantly clear that the plea was entered voluntarily, with full understanding of its consequences, and there is a factual basis, there is no abuse of discretion. *United States v. Fernandez*, 2 Cir. 1970, 428 F.2d 578. When a patient and understanding judge gives every consideration to a defendant's change of position the day before trial and the defendant attempts to mock the adminstration of justice, there is no abuse of discretion. *Burnett v. United States*, 10 Cir. 1968, 404 F.2d 29.

Affirmed.