**Keith Rodney HANSON, Appellant (Defendant below),**

v.

**STATE of Wyoming, Appellee (Plaintiff below).**

No. 4939.

Supreme Court of Wyoming.

Feb. 15, 1979.

Rehearing Denied April 3, 1979.

Edgar Young, Student Intern (argued), Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Laramie, on brief, for appellant.

Barbara Case-Cockreham, Legal Intern (argued), Greg L. Goddard, County and Pros. Atty. for Johnson County, John J. Rooney, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., on brief, for appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

RAPER, Chief Justice.

The appellant-defendant, Keith Hanson, pleaded guilty in the district court to two counts of violating § 6–42, W.S.1957 (§ 6–3–113, W.S.1977), and was sentenced to two concurrent terms of not less than four years and eleven months nor more than five years in the Wyoming State Penitentiary. Defendant appeals from the judgment and sentence contending that he did not receive

---

* At the time of oral argument, Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5–1–106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

the benefit of concurrent sentencing which he asserts was promised to him in Wyoming if some later Arizona criminal charges were disposed of by his plea of guilty and the imposition of an appropriate sentence in Arizona. He raises as issues:

"I. All parties concurred in the interstate plea agreement, which should be enforced.

"II. The interstate plea agreement can and should be enforced.

"III. Appellant acted irrevocably to his great detriment in reasonable reliance on the interstate plea agreement.

"IV. An order directing specific performance of the interstate plea agreement is necessary and should be entered by this court."

We will affirm.

The proceedings in this case are not so distressing and confused as presented to us by defendant. He was charged in two informations, joined for disposition, and arraigned on April 6, 1976, at which proceeding he entered pleas of not guilty. On May 17, 1976, a change of plea proceeding was held pursuant to a plea bargain agreement. At this proceeding appellant was reminded [1] of the nature of the charges against him and their potential penalties, the panoply of constitutional rights he would forego if he pleaded guilty, and that the district court was not bound by any plea negotiations. The defendant confirmed his complete understanding of these matters. The plea bargain was reduced to writing and placed of record. In pertinent part it declares:

"1. The State hereby recommends and agrees:

"(a) That the State shall make no recommendation as to the sentencing of the defendant herein, except that if a sentence of incarceration is imposed, the State shall join in all reasonable efforts to insure the safety and well-being of the defendant, including transfer to an out of state penitentiary.[2]

"(b) That if the defendant is incarcerated as provided by the statutes of the State of Wyoming, that he be given credit for any and all time spent in confinement in the Johnson County Jail prior to entry of judgment herein and that any sentences imposed be concurrent." [3]

When defendant equivocated about whether or not he understood the judge's comments to him, the district court judge said, "You're going to go to the penitentiary if you enter a guilty plea," whereupon defendant indicated that he fully understood. As a result of extensive discussions and proceedings, the trial judge concluded that defendant had entered his plea of guilty voluntarily, understandingly (including the effect or noneffect of the plea bargaining), and that there was a basis in fact for the charges and the plea. Bond was set at $5,000. Sentencing was scheduled for June 1, 1976.

The defendant did not appear at the June 1, 1976 sentencing, as a result of which a $5,000 bond was forfeited. He was eventually arrested in Arizona in December, 1976, for crimes of forgery and illegal use of credit cards committed in that state. He pleaded guilty to some of those charges pursuant to a plea-bargain agreement which related *only* to the Arizona crimes. There appears in the record a letter from the Johnson County Attorney (Wyoming) to the Pima County Attorney (Arizona) proposing that if appellant were sentenced in Arizona to at least nine years in prison, he

---

1. Much of the information conveyed to appellant at arraignment was repeated in greater detail.

2. Appellant did not want to be incarcerated at Rawlins because he feared retribution from a prisoner there against whom he had appeared as a witness.

3. Other provisions were: certain other charges were to be dismissed or not filed; unless withdrawn or rejected by the court, the agreement was a waiver of all objections and defenses; if rejected by the court, he could withdraw his guilty plea; and that appellant understood the effect of the guilty plea and the rights he was waiving.

could then be returned to Wyoming for sentencing and the Wyoming sentence could be imposed concurrent with the Arizona sentence. The letter suggested that this deal was acceptable to the Wyoming district court judge.[4] The Arizona superior court judge informed defendant he could not make any guarantees about such an arrangement and sentenced defendant to from nine to fourteen years for his Arizona crimes.

Defendant waived extradition and was returned to Wyoming for sentencing. At the sentencing proceeding held on November 15, 1977, the events which had transpired since appellant's failure to show up at his June 1, 1976 sentencing were discussed at length, including the proposed "deal" to impose the Wyoming sentence to run concurrent with the Arizona sentence. Those discussions became somewhat confused. There was an attempt to reach a compromise on the sentences. Defendant balked at the offer because he felt he might have to spend too much time "inside the wall" of the Arizona Penitentiary if Wyoming had some sort of "hold" on him. The judge then decided to proceed with sentencing because things were "getting rather complicated". The district judge denied defendant's motions to withdraw guilty pleas and his waiver of extradition. Sentences were thereupon imposed.

 A plea of guilty is void when induced by promises which deprive it of its voluntariness. *Cardenas v. Meacham*, Wyo.

1976, 545 P.2d 632, 637. In the case now before us, the plea bargain was thoroughly discussed in detail and the appellant was unmistakably informed that the court was not bound by the plea bargain. The guilty plea cannot be said to be based upon "incomprehension or misinterpretation". 545 P.2d at 639–640. In this regard, Rule 15,[5] W.R.Cr.P., was meticulously followed. The plea bargain was honored by the district court.[6] The events in Arizona all took place after defendant had entered his plea of guilty in Wyoming. The only action on the part of defendant that could be said to have been induced by the later proposal is his waiver of extradition. Defendant was present before the Wyoming court for sentencing. The Wyoming court had jurisdiction to impose sentence, even if we were to conclude that appellant was deceived into waiving extradition.[7] 22 C.J.S. Criminal Law § 146, pp. 391–393. We would point out, for purposes of clarity, that withdrawal of a guilty plea before sentencing is within the sound discretion of the trial court unless there is presented a plausible reason for withdrawal. *Ecker v. State*, Wyo.1976, 545 P.2d 641. No plausible reason for withdrawal was presented here.

 Defendant cites A.B.A. Standards, Sentencing Alternatives and Procedures, § 3.5.[8] We have no objection to that standard as a proper source of guidance in sentencing. However, we point out it is not mandatory. Sentencing judges are vested with wide discretion in the determination of

---

4. The Wyoming district court judge had no recollection of discussing such a Wyoming sentence with the Johnson County Attorney, although he conceded that such a discussion may have taken place.

5. Amended after Judgment and Sentence in this case, effective September 1, 1978. The amendment covers in great detail the subject of pleas including plea agreement procedure.

6. We are not here concerned with such problems frequently of concern in cases of bargained guilty pleas. See, Anno., "Right to withdraw guilty plea in state criminal proceeding where court refuses to grant concession

contemplated by plea bargain," 66 A.L.R.3d 902.

7. An issue of involuntary waiver of extradition is not raised in this appeal.

8. Section 3.5, A.B.A. Standards, Sentencing Alternatives and Procedures, suggests that it is desirable that multiple sentences of imprisonment imposed by different states be served at one time, under one correctional authority. The standard anticipates legislative action not taken in Wyoming. Without so holding, we only observe that some of its provisions could probably not be followed without legislative implementation.

punishment, and their determination, if within statutory limits, is not disturbed absent a clear abuse of discretion. *Smith v. State,* Wyo.1977, 564 P.2d 1194. Under the circumstances of this case, we perceive no abuse of discretion in the sentence imposed.

■ We cannot afford the relief sought by defendant simply because there was no "interstate plea agreement". There was only one plea agreement, made in May, 1976, which the district court had to take into consideration. The court not only took it into consideration but scrupulously conformed to its terms.

Affirmed.