Gary CHORNIAK, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 85–208.

Supreme Court of Wyoming.

March 17, 1986.

Leonard Munker, State Public Defender, Julie Naylor, Appellate Counsel, Wyoming Public Defender Program, and Gerald M. Gallivan, Director, and Kate L. Mead, Student Intern, Wyoming Defender Aid Program, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Michael Barrash, Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellant pled guilty to arson in the first degree under § 6–3–101, W.S.1977 (June 1983 Replacement). At the time of sentencing, he moved to withdraw his plea. The trial court denied the motion and sentenced appellant to six to eight years in the Wyoming State Penitentiary.

We affirm.

On December 31, 1984, appellant was having a party at his parents' home in

Casper, Wyoming. As the evening progressed and the consumption of alcohol continued, appellant went downstairs and, using his cigarette lighter, started a cardboard box underneath the stairs on fire. He then returned to the party upstairs. Within moments one of his friends smelled smoke. He and appellant went back to the basement, opened the door underneath the stairs, and discovered the room engulfed in flames. They ran to the kitchen and called the fire department. After determining that they could not stop the fire, they awakened a friend who was sleeping upstairs and fled from the house.

Later, appellant signed a statement in which he admitted intentionally setting the fire in the hope that his parents would be too upset about the damage to notice that he had taken seventy or eighty dollars from them.

On February 5, 1985, appellant entered his pleas of not guilty and not guilty by reason of mental illness or deficiency to the charge of first-degree arson. The trial court ordered appellant to undergo a physical and mental examination at the Wyoming State Hospital. The report issued by the Wyoming State Hospital following that examination concluded that appellant was not then, nor was he at the time of the alleged offense, mentally ill or deficient.

On April 25, 1985, after receiving the report from the Wyoming State Hospital, appellant moved to change his plea to guilty. A Rule 15, W.R.Cr.P.,[1] proceeding was held during which the trial court questioned appellant to determine whether the plea was voluntary and whether there was a factual basis for accepting the plea.

During that proceeding, appellant stated that he maliciously started the fire with the intent to damage his parents' home. Based on this statement and others by appellant, the trial court concluded that the plea was voluntary and accurate and granted appellant's motion.

During the presentence investigation, appellant informed the parole officer that he wanted to withdraw his plea of guilty. Upon being informed of appellant's desire to withdraw his plea, his court-appointed attorney moved to withdraw as counsel, at which time the trial court deferred appellant's motion pending consultation with his newly appointed attorney.

At the commencement of the sentence hearing on June 13, 1985, the trial court denied appellant's renewed motion to withdraw the guilty plea and sentenced appellant.

Appellant contends that the trial court improperly denied his motion to withdraw the guilty plea under the standard enunciated in *Hanson v. State*, Wyo., 590 P.2d 832, 835 (1979). That standard is as follows:

" * * * [W]ithdrawal of a guilty plea before sentencing is within the sound discretion of the trial court *unless* there is presented a plausible reason for withdrawal. * * *" (Emphasis added.)[2]

Appellant contends that, because a plausible reason for withdrawal was presented, the trial court abused its discretion when it denied the motion. In support of his assertion that a plausible reason was presented, appellant points to a statement which he made during the hearing on the court-appointed attorney's motion to withdraw as

**1.** Rule 15, W.R.Cr.P., provides in pertinent part:

"(d) *Insuring that the plea is voluntary.*—The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the the [sic] result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or his atttorney.

\* \* \* \* \* \*

"(f) *Determining accuracy of plea.*—Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."

**2.** This Court notes that in the process of citing *Ecker v. State*, Wyo., 545 P.2d 641, 642 (1976), for authority for this standard, the Court, in Hanson, inadvertently substituted the word "unless" for the word "and."

**1164**

counsel: "Well, I will tell the reason why I first said that at first becasue [sic] a buddy of mine * * * he said he had accidentally dropped his cigarette." Appellant also points to the following statement by his newly appointed attorney during the sentencing proceedings:

"* * * He has informed me that he feels that his plea was not completely voluntarily entered. He entered the plea of guilty only to protect a friend. He no longer wishes to do that. He would like the Court to allow him to withdraw that plea and proceed to trial. At this time we move the Court to allow him to withdraw his plea of guilty."

The attorney made no showing by way of oral testimony or documentary evidence that the fire was caused by accidental means. As indicated previously, appellant had, on two prior occasions, admitted setting the fire with the intent to damage his parents' home.

 The withdrawal of a plea of guilty is not an absolute right, and the right to do so is within the sound discretion of the trial court. *Hanson v. State*, supra; *Schmidt v. State*, Wyo., 668 P.2d 656 (1983). Appellant has the burden of establishing a plausible reason for the withdrawal of his guilty plea, and his unsupported contention that he pled guilty to protect a friend does not satisfy this burden. In support of this holding, we point to *Wright v. State*, Wyo., 703 P.2d 1102, 1104 (1985), in which we said that "[a]ppellant did not satisfy his burden of establishing good grounds or a valid reason for withdrawal of the plea" where he contended "that he entered the plea because of a desire to protect his son from prosecution," and where the "contention is not supported by the record or the actual proceedings before the court." In this instance, the proffered plausible reason for withdrawal of the guilty plea, like that asserted in *Wright v. State*, is not supported by the record or the actual proceedings before the trial court. Under the circumstances, it does not amount to a plausible reason for withdrawing the plea.

Appellant also complains that (1) the trial court should have ordered a full evidentiary proceeding patterned after the federal procedural standards; (2) the failure to do so resulted in a summary denial of his motion to withdraw his plea of guilty; and (3) such was an abuse of the trial court's discretion. A trial judge does not abuse his discretion in refusing withdrawal of a guilty plea when he carries on a careful and complete hearing under Rule 15, W.R.Cr.P. *Osborn v. State*, Wyo., 672 P.2d 777 (1983), cert. denied 465 U.S. 1051, 104 S.Ct. 1331, 79 L.Ed.2d 726 (1984).

Appellant acknowledges that the trial judge complied with the requirements of Rule 15, W.R.Cr.P., and we are satisfied from an examination of the record on appeal that he did so. If appellant wanted a full evidentiary hearing, he should have advised the trial court that he wanted to introduce evidence to support his motion. Appellant has no justifiable reason to now complain that the judicial system did not adequately protect his rights.

Affirmed.