**Stephen V. REAY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 90–106.**

Supreme Court of Wyoming.

Nov. 5, 1990.

---

**6.** W.S. 30–5–103(c) provides, in pertinent part, that "[t]hree (3) members of the board shall constitute a quorum."

Leonard D. Munker, State Public Defender, Steven E. Weerts, Senior Asst. Public Defender, and David L. Serelson, Asst. Public Defender, Public Defender Program, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Senior Asst. Atty. Gen., and Kaylin D. Kluge, Asst. Atty. Gen., for appellee.

Before THOMAS, CARDINE, MACY and GOLDEN, JJ., and ROONEY, Retired J.

ROONEY, Justice, Retired.

This appeal is from a denial by District Court Judge, the Honorable Hunter Patrick, of appellant's motion to withdraw his plea of guilty made before imposition of sentence.

We affirm.

■ We agree with that said by Judge Patrick in his opinion letter. It reads:

"Defendant Stephen Vance Reay entered a guilty plea to a charge of unlawfully possessing a firearm, having been previously convicted of or pleaded guilty to a violent felony in violation of W.S. 6–8–102. He now seeks to withdraw that guilty plea.

"Rule 33(d), W.R.Cr.P. governs the withdrawal of guilty pleas. It provides as follows:

"'*Withdrawal of plea of guilty or nolo contendere.* A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment o[f] conviction and permit the defendant to withdraw his plea.'

"A defendant seeking to withdraw his guilty plea prior to sentencing must present a plausible reason for the withdrawal. *Zanetti v. State*, 783 P.2d 134, 137 (Wyo.1989); *Chorniak v. State*, 715 P.2d 1162, 1164 (Wyo.1986); *Ecker v. State*, 545 P.2d 641, 642 (Wyo.1976). The withdrawal of a guilty plea is not an absolute right, even before sentencing. It rests within the discretion of the court. *Hanson v. State*, 590 P.2d 832, 835 (Wyo. 1979); *Schmidt v. State*, 668 P.2d 656, 661 (Wyo.1983).

"The reason for Defendant's motion is his contention that there exists, in fact, no prior conviction to be the predicate for the present charge of being a convicted violent felon in possession of a firearm. To resolve this issue the statutes of Wyoming and California must be considered. The Wyoming Statute to which Defendant pleaded guilty, W.S. 6–8–102, provides [as] follows:

"'Any person who has previously pleaded guilty or been convicted of a violent felony or an attempt to commit a violent felony and has not been pardoned and who uses or knowingly possesses any firearm is guilty of a felony punishable by imprisonment for not more than three (3) years, a fine of not

more than five thousand dollars ($5,000.00) or both.'

"Defendant concedes that on or about March 22, 1968 he was sentenced in Sacramento, California on a conviction of assault with a deadly weapon. He was sentenced pursuant to Section 1203.4 of the California Penal Code which provides as follows (with emphasis added by this Court):

" '(a) In any case in which a defendant has fulfilled the conditions of probation for the entire term of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and *except as noted above,* he shall thereafter be released from all penalties and disabilities resulting from the offense of which he has been convicted, except as provided in Section 13555 of the Vehicle Code. The probationer shall be informed, in his probation papers, of this right and privilege and his right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; *provided, that, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed,* and provided further that the order shall state, and the probationer shall be informed that the order does not relieve him of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office or for licensure by any state or local agency.

" '*Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his custody or control any firearm capable of being concealed upon the person or prevent his conviction under Section 12021.*

" 'This subdivision shall apply to all applications for relief under this section which are filed on or after November, 23, 1970.

" '(b) Subdivision (a) of this section does not apply to any misdemeanor which is within the provisions of subdivision (b) of Section 42001 of the Vehicle Code, or to any infraction.'

"Defendant successfully completed the probation imposed for his *previous* conviction and the provisions of Section 1203.4 were applied. The question is whether that conviction may serve as the underlying felony required by W.S. 6–8–102.

"Defendant argues that California law, like W.S. 7–13–301 precludes the use of his conviction in Wyoming to substantiate a charge under W.S. 6–8–102. Some courts have accepted his reasoning, that an offense with sentencing under statutes similar to W.S. 7–13–301 followed by successful completion of probation cannot serve as the felony predicate to a charge of being a felon in possession of a firearm. *State v. Ritte,* 710 P.2d 1197, 1200 (1985); *State v. Randall,* 464 So.2d 971, 973 (La.App.1985). Other states and the U.S. Supreme Court have held that such a conviction is sufficient to serve as the necessary predicate. *State v. Thomas,* 35 Wash.App. 161, 665 P.2d 914, 915 (1983); *State v. Cartwright,* 246 Or. 120, 418 P.2d 822, 834 (1966) *cert. denied* 386

U.S. 937, 87 S.Ct. 961, 17 L.Ed.2d 810 (1967); *State v. Robinson,* 251 A.2d 552, 556 (Del.1969); *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 *reh. denied* 461 U.S. 911, 103 S.Ct. 1887, 76 L.Ed.2d 815 (1983).

"Focusing the analysis upon the specific statutes to be construed in this case, the California statute retains a prohibition against possession of a concealable firearm. It specifically provides that in any subsequent prosection the prior conviction could be pleaded, proved and have the same effect as if the accusation had not been dismissed would still be a conviction for purposes of state licensing procedures. The restoration of Defendant's rights under that statute was not absolute; there was no 'blotting out' of the entire conviction. W.S. 7–13–301(d), on the other hand, provides that 'Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for any purpose.' The Wyoming statute is an extreme act of grace whereas the California statute only restores some of the defendant's previous rights and privileges.

"When a California court was faced with this factual situation, it held that a 'pardon' from the Nevada Board of Pardon and Parole Commissioners, restoring the defendant's civil rights without specifically mentioning the right to possess a concealable firearm, did not prevent a conviction under their version of W.S. 6–8–102. *People v. Norton,* 80 Cal. App.3d Supp. 14, 146 Cal.Rptr. 343, 346–348 (1978).

"Although the felony conviction of the Defendant was set aside and the accusations or information dismissed pursuant to California's Section 1203.4, that did not preclude its use against the Defendant in the present proceedings. The grace extended to the Defendant by the State of California did not go so far as to extinguish his conviction for all purposes. The conviction remains extant for purposes of W.S. 6–8–102.

"Since the Court finds that the California felony exists for purposes of W.S.

6–8–102, there exists no plausible reason for the defendant to withdraw his guilty plea, *Zanetti v. State, supra,* and therefore Defendant's motion is denied."

Additionally, we note that appellee words the issue on appeal: "Whether the District Court abused its discretion in not allowing appellant to withdraw his guilty plea?" Judge Patrick recognized the existence of discretion citing *Hanson,* 590 P.2d at 835 and *Schmidt,* 668 P.2d at 661.

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. *Eager v. Derowitsch,* 68 Wyo. 251, 232 P.2d 713 (1951); *Anderson v. Englehart,* 18 Wyo. 409, 108 P. 977 (1910); *DiPalma v. Wiesen,* 163 Conn. 293, 303 A.2d 709 (1972); *In re Estate of Horman,* 265 Cal.App.2d 796, 71 Cal.Rptr. 780 (1968)."

*Martinez v. State,* 611 P.2d 831, 838 (Wyo. 1980).

"Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Byerly v. Madsen,* 41 Wash.App. 495, 704 P.2d 1236 (1985)."

*Martin v. State,* 720 P.2d 894, 897 (Wyo. 1986).

Inasmuch as appellant's specified basis for withdrawal of his guilty plea is a contention that his California predicate conviction for assault with a deadly weapon was "set aside and dismissed" pursuant to California Penal Code 1203.4, and since such section of the Code excepts a charge pertaining to possession of a concealable firearm from its operation, the district court cannot be said to have committed an act which exceeded the bounds of reason or which was a commission of error under the circumstances. The court could easily con-

clude as it did. Appellant's reason for withdrawal of the guilty plea was not plausible in view of the exception relating to firearms contained in the California Penal Code 1203.4. The District Court did not abuse its discretion.

Affirmed.