Donald Lee TRIPLETT,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 90–53.

Supreme Court of Wyoming.

Dec. 5, 1990.

Robert A. Hampe, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., and Kaylin D. Kluge, Asst. Atty. Gen., for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, GOLDEN and MACY, JJ.

THOMAS, Justice.

The primary question to be resolved in this case is whether the trial court committed an abuse of discretion in refusing to grant the Motion to Withdraw Guilty Plea filed by Donald Lee Triplett (Triplett) after the minor victim of an indecent liberties charge,[1] Triplett's natural daughter, recanted from her report of sexual intercourse. A collateral issue is presented with respect to whether the trial court erred in admitting, at the hearing on the Motion to Withdraw Guilty Plea, expert testimony relating to psychological patterns of victims of sexual abuse who recant. We conclude that the trial court correctly applied our standard with respect to withdrawal of pleas of guilty prior to sentencing, which is that, at the discretion of the court, the motion can be granted for any reason that is fair and just or serves as a plausible reason to grant the motion to withdraw the plea of guilty. We affirm the denial of the Motion to Withdraw Guilty Plea, and we affirm the judgment and sentence.

In his Brief of the Appellant, Triplett articulates a rather lengthy statement of the issues in this way:

"I. The expert testimony in this [case] should not have been admitted over the strenuous objection of counsel for Appellant.

"That the Learned Trial Court erred in admitting into evidence, over objection, 'expert' testimony, and all of it, if relevant, is certainly not material, does invade the province of the fact finder, is without foundation and violates the rights of Appellant under the Fourth, Fifth, Sixth, Eighth, Tenth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the Sovereign State of Wyoming.

"II & III. That the Learned Trial Court erred (and abused its discretion) in failing and refusing to sustain Appellant's Motion to Withdraw Plea of Guilty by failing and refusing to apply the correct standard of proof, by limiting the time for hearing of this matter, by commenting upon the 'guilt' of this Appellant and that the Learned Trial Court erred in failing and refusing to apply the standard of proof delineated as a 'plausible reason' as to why Appellant should be permitted to withdraw his guilty plea; that the Learned Trial Court erred in failing and refusing to apply the standard expressed as 'Any reason the granting of the withdrawal of the plea seems just and fair' ... all to the prejudice of this Appellant and in violation of the rights granted to this Appellant under the Fourth, Fifth, Sixth, Eighth, Tenth and Fourteenth Amendments to the Constitution of the United States and the

---

1. Triplett was charged in two counts with taking immodest, immoral, or indecent liberties with his daughter in violation of § 14-3-105, W.S. 1977 (July 1986 Repl.), which provides:

"Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both."

Constitution of the Sovereign State of Wyoming."

The State of Wyoming, as appellee, complaining that Triplett's statement of the issues is "argumentative, compound, extended, and not questions * * *," says that the issues are these:

"I. Whether the trial court erred in admitting Dr. Heineke's testimony?

"II. Whether the trial court abused its discretion in not allowing withdrawal of appellant's guilty plea?"

On August 30, 1989, as the result of statements made by the victim's mother, Triplett's wife, the victim was interviewed by law enforcement officers. The victim reported that, on the night of August 18, 1989, Triplett had made her sleep in his bed and, during that night, he had sexual intercourse with her. She reported that he had placed a pillow case under her buttocks and that he had sent her to the bathroom after the sexual intercourse. An older sister had been present at the family's mobile home residence on that same night, and she advised that the victim had told her about the sexual intercourse the following day. The older sister then went into the bedroom where Triplett and the victim had slept, and she discovered a pillow case folded up on the bed. When she lifted it up, she saw a ring on the sheets similar to a mark that would be left if someone had wet the bed. She corroborated the victim's statements about other events that occurred during the course of the night.

The investigator then interviewed Triplett who denied any involvement with the victim on the night of August 18, 1989. In the course of the interview, however, Triplett did say that he had sexual intercourse with the victim on a date that he selected as being August 20, 1989. The victim was asked about this second episode of sexual intercourse. She initially denied it. Subsequently, the victim told the investigator about the sexual intercourse on August 20 and explained that the reason she had denied this event when first asked about it was that she felt stupid because she didn't tell him about it during the first interview.

After waiving preliminary examination in the county court, Triplett was charged by information in the district court, in Count I, with the offense of taking immodest, immoral or indecent liberties "on or between the 18th or 19th day of August, A.D. 1989" and, in Count II, with taking immodest, immoral or indecent liberties on August 27, 1989. At his initial arraignment, Triplett entered a plea of not guilty to both counts. He subsequently changed his plea to guilty as to Count II. In exchange, and pursuant to the plea agreement, the state agreed to dismiss Count I. In response to a question of the trial judge directed at eliciting a factual basis for the plea of guilty, Triplett said:

"Well, the wife and two of my kids went to the grocery store, and we had been watching a few movies, and left this one with me. And she went by me and grabbed ahold of me and we was wrestling. And the next thing I know, we was having intercourse. And it was my fault, not her fault. I can't blame anybody but me for my action."

In response to a direct question from the court as to whether Triplett had intercourse with his daughter, Triplett replied, "Yes, sir, I did." Triplett agreed that, "It's a real bad indecent liberty * * *."

Almost two months later, a judgment was entered in which Triplett was found guilty of the charge of indecent liberties with a minor and a presentence investigation was ordered. On the same day, the Motion to Withdraw Guilty Plea was filed. A hearing then was held on the Motion to Withdraw Guilty Plea on January 30, 1990, and the victim, under oath, verified her recantation of her accusation of sexual intercourse. The record demonstrates that, over the years, the victim had made a number of allegations of impropriety against Triplett and had previously recanted from those accusations. At the hearing, Triplett denied ever having had sexual intercourse with the victim.

During the course of that hearing, the State called a professional counselor who testified that he had been employed at the Wyoming Regional Counseling Center for

about twelve years and that he had been in practice some nine years prior to that. He outlined his educational qualifications and recounted, as his experience, that he had devoted about 40% of his practice to dealing with child sexual abuse. He reported some ninety-five victims that he had worked with, including both children and adolescents, male and female. He said he had dealt with twenty-five to thirty adult male perpetrators and reported familiarity with literature authored by other professionals in the area. He agreed that he had never discussed the matter with the victim, and he explained the dynamics of recantation of accusations of sexual abuse by victims. He testified that victims in incest situations can feel guilty and responsible for breaking up the family; the victim often has ambivalent feelings of not liking what has happened, being angry and upset, and still feeling responsible for the family; and that they then recant after disclosing the occurrence. He reported that sometimes there is guilt and shame connected with the disclosure that they want to avoid; that they become apprehensive about the court process; and that, in some instances, there is family pressure to recant. Occasionally, there is indeed a sincere motivation to manifest forgiveness. The witness also testified about the process of disclosure with respect to sexual abuse.

At the close of the hearing, the trial court denied the Motion to Withdraw Plea of Guilty and then proceeded to impose sentence. He sentenced Triplett to a term of not less than eight nor more than ten years in the Wyoming State Penitentiary and provided for a credit of 150 days off both the minimum and maximum sentences. In addition, he fined him $100 and assessed a $50 surcharge for the Victims of Crime Compensation Fund. Triplett appeals from the judgment and sentence, contending that there was an abuse of discretion in refusing to grant his motion to withdraw his plea of guilty.

■ The withdrawal of a plea of guilty is provided for in Rule 33(d), W.R.Cr.P., in this language:

*"Withdrawal of plea of guilty or nolo contendere.*—A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment or conviction and permit the defendant to withdraw his plea."

The rule clearly requires a showing of manifest injustice in order to justify the setting aside of the judgment of conviction and withdrawal of the plea after sentencing. *Zanetti v. State,* 783 P.2d 134 (Wyo.1989). The standard for withdrawal of a plea of guilty prior to sentencing is a lesser standard and, we have said, "is measured by whether it would be fair and just to allow it." *Osborn v. State,* 672 P.2d 777, 788 (Wyo.1983), *cert. denied,* 465 U.S. 1051, 104 S.Ct. 1331, 79 L.Ed.2d 726 (1984). Even prior to sentencing, however, no absolute right to withdraw a plea of guilty exists. *Chorniak v. State,* 715 P.2d 1162 (Wyo. 1986); *Schmidt v. State,* 668 P.2d 656 (Wyo.1983); *Hanson v. State,* 590 P.2d 832 (Wyo.1979); *Ecker v. State,* 545 P.2d 641 (Wyo.1976).

In *Schmidt,* this court held that simply the presentation of a plausible reason to withdraw the plea of guilty does not establish an abuse of discretion in denying the motion. In that case, the court ruled that abuse of discretion is not demonstrated even if a "plausible" or a "just and fair" reason for withdrawal is presented if the requirements of Rule 15, W.R.Cr.P., have been met and the record is clear that the defendant intelligently, knowingly, and voluntarily entered into his plea of guilty. If those criteria are satisfied, it is not an abuse of discretion to refuse to allow withdrawal of the plea. *See also Osborn; Ecker.*

■ This record demonstrates a very careful compliance with Rule 15, W.R. Cr.P., at the time Triplett changed his plea from not guilty to guilty. His admission to the court is quoted above. That admission was consistent with the information that Triplett voluntarily had given to the investi-

gating officer and matched the account given by the victim prior to her recantation.

There is no question that the record, encompassing not only the recantation of the victim but Triplett's own recantation, demonstrates a "plausible" or a "just and fair" reason for the Motion to Withdraw Guilty Plea. In light of the entire record, however, we are satisfied that the trial court did not abuse its discretion in refusing to allow Triplett to withdraw his plea of guilty.

To bolster his argument, Triplett contends that there was an abuse of discretion in limiting the time for hearing. That time limit was not adhered to, however, and Triplett was given the opportunity to present any information that he wished in connection with the hearing on the motion to withdraw the plea of guilty. Triplett also contends that the trial court improperly considered his guilt. In the course of his remarks from the bench, the judge briefly referred to the probability of Triplett being convicted in any event. This apparently was premised upon Triplett's own admission to the sexual assault coupled with the admission made to establish the factual basis for the plea of guilty. Under the circumstances, this court is satisfied that there is no abuse of discretion in refusing to permit Triplett to withdraw his plea of guilty even though there had been a recantation of the accusation by the minor victim.

As to the complaint that the court improperly considered expert testimony, the admissibility of such testimony is committed to the sound discretion of the trial court. *Braley v. State*, 741 P.2d 1061 (Wyo.1987); *Buhrle v. State*, 627 P.2d 1374 (Wyo.1981); *Smith v. State*, 564 P.2d 1194 (Wyo.1977). The definition found in *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986), quoting from *Byerly v. Madsen*, 41 Wash. App. 495, 704 P.2d 1236 (1985), is pertinent:

> "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circum-

stances and without doing so arbitrarily or capriciously."

In *Scadden v. State*, 732 P.2d 1036 (Wyo. 1987), this court concluded that there was no error committed when an expert testified at trial on the merits about the behavioral characteristics of victims of sexual assault. The record demonstrates that the trial court was aware of the rule that no comment could be made upon the credibility of the victim, and he did not permit the expert witness to testify in that regard. In our judgment, the testimony of the expert witness meets the requirement of relevance set forth in Rule 402, W.R.E. The trial court did not abuse its discretion in admitting the expert testimony into evidence.

Our examination of the entire record in this case satisfies this court that the trial court did not commit an abuse of discretion in refusing to permit Triplett to withdraw his plea of guilty. Furthermore, no error was committed in the course of the hearing by entertaining the testimony of the expert psychological witness.

The judgment and sentence of the trial court are affirmed.