Christopher DICHARD, Appellant
(Defendant),

v.

STATE of Wyoming, Appellee (Plaintiff).

No. 92–142.

Supreme Court of Wyoming.

Dec. 24, 1992.

Walter A. Murray, Jr., Casper, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., and Mark T. Moran, Asst. Atty. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

MACY, Chief Justice.

In this appeal, we confront the issue of whether the district court abused its discretion by denying Appellant Christopher Dichard's presentence motion to withdraw his guilty plea to attempted second-degree murder in violation of Wyo.Stat. §§ 6–2–104 and 6–1–301 (1988) and his guilty plea to first-degree sexual assault in violation of Wyo.Stat. § 6–2–302(a)(ii) (1988).

We affirm.

As extracted from the investigating officer's affidavit, this case had its genesis in the following facts: On July 23, 1991, Appellant unlawfully entered the victim's home. The victim arrived at her home for lunch at approximately one o'clock in the afternoon, and, as she walked down the hallway, a coat was thrown over her head. She was simultaneously knocked to the floor and hit several times. The assailant then removed the coat. The victim immediately recognized her assailant as being Christopher Dichard, an acquaintance she made while she was attending a substance abuse program.

Appellant vulgarly informed the victim that he intended to have sexual intercourse with her. As the victim began to scream, Appellant choked her into temporary unconsciousness. The victim next remembers waking up with Appellant on top of her. After having achieved sexual intercourse, Appellant led the victim to another room, threw her on a couch, and performed an oral sex act on her. The telephone began

to ring as the victim was pleading for her life. At this point, she escaped in hopes of answering the telephone; however, Appellant caught her before she reached her destination. He beat her over the head with a cutting board and threw her to the floor, choking her into unconsciousness a second time.

The victim's husband arrived at their home at approximately 1:40 p.m. Upon entering the house, he was confronted by Appellant brandishing a cutting board. The victim's husband was able to repel the attack and make his way into the kitchen. There, he saw his wife lying unconscious on the floor. She was nude from the waist down, and her eyes were rolled back into her head. Thinking that his wife was dead, the victim's husband called for an ambulance. Appellant attempted to pull the telephone away but, upon hearing that the call had been received, ran out of the house. The victim was subsequently taken to the emergency room of a local hospital. At the hospital, emergency room staff stated that her injuries, which included burst blood vessels around the eyes, were consistent with those which occur just prior to death by strangulation.

On July 25, 1991, a criminal complaint was filed against Appellant, and a warrant was issued for his arrest. The complaint alleged three felony counts: (1) attempted first-degree murder in violation of Wyo. Stat. §§ 6–1–301 (1988) and 6–2–101 (Supp. 1992); (2) first-degree sexual assault by sexual intercourse in violation of § 6–2–302(a)(ii); and (3) first-degree sexual assault by cunnilingus in violation of § 6–2–302(a)(ii). Appellant was arrested, and he made his initial appearance in county court on August 5, 1991. There, he was informed of the charges against him, of his right to a preliminary hearing, and of his constitutional rights. Bond was set at $50,000, and Appellant requested to have counsel appointed.

On August 7, 1991, the county court appointed the public defender to represent Appellant. Appellant waived his right to a preliminary hearing and was bound over to the district court. An information which recited the three felony counts contained in the complaint was filed in the district court. At the arraignment, Appellant pleaded not guilty and not guilty by reason of mental illness or deficiency to all counts. The Wyoming State Hospital and an independent psychologist evaluated Appellant, and they both found that he was mentally capable of understanding the wrongfulness of his actions and of participating meaningfully in his defense.

A change-of-pleas hearing was held on February 11, 1992. In accord with a plea bargain agreement placed on the record, Appellant withdrew his pleas of not guilty and not guilty by reason of mental illness or deficiency. He pleaded guilty to the first count which was reduced by an amendment to attempted second-degree murder in violation of §§ 6–1–301 and 6–2–104. For this crime, Appellant agreed to be sentenced to a term of not less than thirty-seven years nor more than forty-five years. He also pleaded guilty to the second count which charged him with first-degree sexual assault by sexual intercourse in violation of § 6–2–302(a)(ii). For this crime, Appellant agreed to accept a concurrent sentence not to exceed the sentence for attempted second-degree murder. The State moved to dismiss the third count which charged Appellant with first-degree sexual assault by cunnilingus in violation of § 6–2–302(a)(ii). Appellant's counsel explained that, although discussions occurred concerning alleged charges of child molestation which were being investigated by Arizona authorities, the plea agreement was in no way contingent upon the disposition of those charges.

The district court accepted Appellant's guilty pleas in accord with the requirements of W.R.Cr.P. 15.[1] The district court properly advised Appellant and inquired into whether he understood the nature of the charges against him, whether he was aware of the consequences of pleading guilty, whether his pleas were voluntarily entered, and whether a factual basis existed for the pleas. After doing so; the dis-

---

**1.** Revised effective March 24, 1992 (now    W.R.Cr.P. 11).

trict court found that Appellant intelligently, knowingly, and voluntarily entered the guilty pleas after consulting with competent counsel. However, the district court deferred acceptance of the plea agreement and sentencing until after a presentence investigation report had been completed.

On March 23, 1992, Appellant wrote a letter to the district court in which he requested to withdraw his guilty pleas. He stated that he was "pressured" into entering the pleas to avoid child molestation charges under investigation in Arizona. This letter precipitated a motion to withdraw by his appointed counsel. As grounds for this motion, his appointed counsel stated that Appellant felt they rendered ineffective assistance by, most particularly, failing to negotiate a satisfactory disposition of his case. The district court granted the withdrawal motion, and an entry of appearance was filed by privately retained counsel.

Appellant, through his privately retained counsel, filed a motion on May 11, 1992, to withdraw his guilty pleas. At a hearing held two days later, Appellant generally recanted the representations which he had made to the district court at the change-of-pleas hearing. He stated that he did not make his pleas intelligently, knowingly, and voluntarily. Appellant testified that it was his understanding that no charges would be filed in Arizona if he were to plead guilty, that he was merely doing what his attorneys told him to do, and that he could not remember the incident due to being intoxicated at the time. The State substantially impeached Appellant's testimony through cross-examination and the investigating officer's testimony, to whom Appellant gave a confession.

The district court denied Appellant's motion to withdraw his guilty pleas after hearing the evidence. The district court determined that no evidence had been presented to undermine its initial determination that Appellant intelligently, knowingly, and voluntarily entered pleas of guilty after consulting with competent counsel. In accord with the plea agreement, the district court sentenced Appellant to serve concurrent terms of thirty-seven to forty-five years on each count. Appellant timely filed a notice of intent to appeal his judgment and sentence. He asserts on appeal that the district court erroneously denied his motion to withdraw his guilty pleas. He requests this Court to reverse his judgment and sentence and to remand this case for further proceedings.

■ The withdrawal of guilty pleas and pleas of nolo contendere is governed by W.R.Cr.P. 32(d):

(d) *Plea withdrawal.*—If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only to correct manifest injustice.

As indicated by the rule's permissive tenor, whether or not to permit a withdrawal of a guilty or nolo contendere plea lies within the discretion of the district court. *See, e.g., Reay v. State,* 800 P.2d 499 (Wyo. 1990). The standard against which the district court's exercise of discretion is measured varies depending upon whether the withdrawal motion is filed before or after the sentence has been imposed. If a motion is filed before the sentence is imposed, as in this case, the district court may grant the motion upon a showing of "any fair and just reason." W.R.Cr.P. 32(d). This Court has held, however, that:

[A]n abuse of discretion is not demonstrated even if a "plausible" or a "just and fair" reason for withdrawal is presented if the requirements of Rule 15, W.R.Cr.P., have been met and the record is clear that the defendant intelligently, knowingly, and voluntarily entered into his plea of guilty.

*Triplett v. State,* 802 P.2d 162, 165 (Wyo. 1990) (discussing *Schmidt v. State,* 668 P.2d 656 (Wyo.1983)). *See also Chorniak v. State,* 715 P.2d 1162 (Wyo.1986).

■ Appellant's primary argument on appeal is that his pleas were not intelligently, knowingly, and voluntarily entered because he received ineffective assistance of counsel. He particularly complains that

his counsel failed to adequately investigate his potential exposure to charges in Arizona prior to advising him to plead guilty. He also claims that his counsel failed to inform him that intoxication is a potential defense to a specific intent crime such as attempted first-degree murder. Appellant's claims of ineffective assistance of counsel would constitute a "fair and just reason" to grant a presentence motion to withdraw a guilty plea if they were substantiated by the record. The record, however, simply does not speak to these allegations. Appellant failed to present any evidence at the motion hearing concerning what his counsel did or did not do in relation to investigating the Arizona charges or whether or not they informed him of an intoxication defense. He will not now be heard to complain that the district court abused its discretion by failing to grant his withdrawal motion on these grounds.

Absent the ineffective-assistance-of-counsel claims, Appellant is left to argue that the district court abused its discretion by denying his withdrawal motion on the basis of the evidence produced at the hearing. The evidence produced at the hearing was his uncorroborated testimony that he did not enter his guilty pleas intelligently, knowingly, and voluntarily. His statements to the effect that he did not understand the terms of the plea bargain, that he was merely doing what his attorneys told him to do, and that he could not remember what he had done on July 23, 1991, were all patently inconsistent with the representations he made to the district court when he entered his guilty pleas. The issue thus became one of credibility. The district court carefully complied with W.R.Cr.P. 15 when it accepted Appellant's guilty pleas and, therefore, did not abuse its discretion by denying Appellant's presentence withdrawal motion. *See, e.g., Triplett,* 802 P.2d 162.

Affirmed.